## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES<br>757 Rattling Run Road<br>Mickleton, NJ 08056<br><br>*Plaintiff,*<br>v.<br><br>SALTZ, MONGELUZZI & BENDESKY, P.C.<br>1650 Market Street, 52nd Floor<br>Philadelphia, PA 19103<br><br>*Defendants.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for unpaid overtime compensation owed to her by her former employer, Saltz Mongeluzzi & Bendesky, P,C. (hereinafter "Defendant") pursuant to the Fair Labor Standards Act (FLSA) and other applicable federal and state law.

2. Plaintiff asserts claims for overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania's Minimum Wage Act, 43 P.S.§ 336.1, *et seq.* ("PMWA"), as well as a claim for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.* ("WPCL").

### II. Parties

3. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

4. Plaintiff is an adult individual with an address as captioned above.

5. Defendant is a Pennsylvania Professional Corporation (PA Secretary of State Entity No. 2800152) with a business address as captioned above.

6. Defendant is a nationally-recognized plaintiffs' litigation law firm specializing in cases arising from catastrophic construction accidents and other mass casualty events.

7. Plaintiff formerly worked as a litigation paralegal for Defendant.

8. At all times relevant herein, Defendant acted through its agents, servants and employees, all of whom acted in the course and scope of their employment.

### III. Jurisdiction and Venue

9. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

10. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

11. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under federal law.

12. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred exclusively in this judicial district, including specifically: (i) Plaintiff's employment with Defendants; and (ii) Defendants' failure to pay overtime compensation owed to Plaintiff.

### IV.   Factual Background

14. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

15. Plaintiff was employed as a litigation paralegal for Defendant from January of 2012 through July 29, 2021.

16. At the inception of Plaintiff's employment, Defendant confirmed via her offer letter of January 11, 2012 that she would be an "hourly" employee working 35 hours per week.

17. Plaintiff worked a full-time schedule within the three (3) years preceding the filing of this action,

18. Plaintiff was paid $3,315.31 bi-monthly, or $79,567.44 annually.

19. Defendant's employees are paid on the 15th and the last day of each month.

20. Defendant issues its employees separate checks for regular and overtime pay.

21. At all times relevant hereto, Plaintiff was directly supervised by Adam Pantano, Esquire ("Pantano"), a partner of Defendant.

22. From the inception of her employment through March 16, 2020, Plaintiff was treated as a non-exempt employee by Defendant and was compensated for the overtime hours she worked without issue.

23. On March 16, 2020, Plaintiff began working at home with the approval of Defendant due to the unprecedented Coronavirus pandemic.

24. Defendant provided Plaintiff with a laptop computer for home work purposes.

25. After the aforesaid date, Plaintiff continued to work a full time schedule as well as substantial overtime hours.

26. Plaintiff was contacted at all hours by Pantano and other agents of Defendant via email, telephone and text messages regarding work-related projects and issues, and was expected to answer.

27. Over the period of time she worked at home, Plaintiff worked a substantial amount of overtime but was only paid for her overtime occasionally.

28. Plaintiff was paid no overtime for her work at home in 2020.

29. In 2021, Plaintiff received only $5,885.52 in overtime pay (far less than was required for the substantial hours she worked).

30. Plaintiff inquired repeatedly about payment for the overtime hours she worked but (other than occasional overtime payments in 2021 as aforesaid) payment was not made by Defendant.

31. Pantano advised Plaintiff that he was "trying to work on something" and to be "patient" about her unpaid overtime, but the situation was never resolved.

32. Plaintiff nonetheless continued to work tirelessly and with dedication to Defendant during the Coronavirus pandemic.

33. Plaintiff frequently worked 20 hour days (from 6 a.m. to 2 a.m. the next morning) and only shut down her work computer at 2. a.m. because Defendant's computer network rebooted at that time.

34. Plaintiff resigned from Defendant's employ on July 29, 2021 and has not received compensation for all the overtime work she performed.

## COUNT I
## Violations of the Fair Labor Standards Act

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period.

37. During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.

38. During the Statutory Period, plaintiff did not receive overtime payment for such overtime hours.

39. Defendant and its agents knew or should have known that Defendant was required to pay overtime to plaintiff during the Statutory Period.

40. During the Statutory Period, plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorneys' fees, costs, liquidated damages and all other relief appropriate under the FLSA.

41. While employed by Defendants, Plaintiff provided labor and other services that qualified her for overtime under the FLSA.

42. The FLSA requires payment of overtime for all work performed by an employee, regardless of whether it is carried out at an office or other work location or at the employee's home. *See* United States Department of Labor Wage and Hour Division Field Assistance Bulletin Nos. 2020-5 and 2020-1567-NAT.

43. Section 541.301(e)(7) of the FLSA specifies that paralegals are not exempt from overtime except in rare circumstances not applicable here.

44. Defendant knowingly and intentionally failed to pay overtime to Plaintiff, in violation of the FLSA.

45. Plaintiff seeks damages in accordance with the FLSA for the overtime payments that Defendants willfully failed and refused to pay to her.

WHEREFORE, Plaintiff respectfully requests entry of judgment in her favor and against Defendant in an amount to fully compensate her for her losses, along with reasonable attorneys' fees, liquidated damages, court costs, and such other relief as the Court deems just and appropriate pursuant to the FLSA.

## COUNT II
## Violations of the PA Minimum Wage Act

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by Defendant.

48. During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.

49. During the Statutory Period, plaintiff did not receive overtime payment for such overtime hours. Defendant and its agents knew or should have known that they were required to pay overtime to Plaintiff during the Statutory Period.

50. During the Statutory Period, Plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the PMWA.

WHEREFORE, Plaintiff, respectfully requests entry of judgment in her favor and against Defendant in a sufficient amount to fully compensate her for her losses, along with attorney fees, costs and such other relief as the Court deems just and appropriate pursuant to the PMWA.

## COUNT III
## Violations of the PA Wage Payment and Collection Law

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by defendant.

53. During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.

54. During the Statutory Period, plaintiff did not receive any compensation for such overtime hours.

55. Defendant's failure to pay Plaintiff compensation to which she was entitled was without justification or good reason.

56. During the Statutory Period, Defendant knew or should have known that they were required to pay overtime to Plaintiff.

57. Plaintiff is entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the WPCL.

WHEREFORE, Plaintiff, respectfully requests entry of judgment in her favor and against Defendant in a sufficient amount to fully compensate her for her losses, as

well as attorneys' fees, costs and all such other relief as the Court deems just and appropriate pursuant to the Wage Payment and Collection Law.

                                Respectfully Submitted,

                                S/ Wayne A. Ely
                                Wayne A. Ely, Esquire
                                Attorney for Plaintiff
                                225  Lincoln Highway
                                Building A, Suite 150
                                Fairless Hill, Pennsylvania 19030
                                (215) 801-7979

June 7, 2022