IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.,<br><br>    Defendant. | Case No.: 2:22-CV-02277 |

**DEFENDANT SALTZ MONGELUZZI & BENDESKY P.C.'s
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Saltz Mongeluzzi & Bendesky P.C. ("SMB" or "Defendant") hereby submits the following Answer and Defenses to the Complaint filed by Desiree Purvenas-Hayes ("Plaintiff") in accordance with the numbered Paragraphs thereof as follows:

### I.    INTRODUCTION[1]

1. **Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for unpaid overtime compensation owed to her by her former employer, Saltz, Mongeluzzi & Bendesky, P,C. (hereinafter "Defendant") pursuant to the Fair Labor Standards Act (FLSA) and other applicable federal and state law.[2]**

    **ANSWER:** SMB admits that Plaintiff was formerly employed by SMB and has initiated the instant action in which she purports to seek damages for unpaid overtime allegedly owed to her by SMB pursuant to the FLSA and state law. SMB denies the remaining allegations in

---

[1] SMB repeats the headings in Plaintiff's Complaint for ease of reference but denies the headings insofar as they contain allegations or demands for relief. SMB denies that Plaintiff is entitled to any damages or other relief, including the relief described in the unnumbered paragraphs following Paragraphs 45, 50, and 57.

[2] For ease of reference, SMB reproduces herein each of Plaintiff's allegations exactly as they appear in the Complaint (including all errors).

Paragraph 1 and specifically denies that SMB owes Plaintiff compensation under federal or state law for overtime worked.

2. **Plaintiff asserts claims for overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Pennsylvania's Minimum Wage Act, 43 P.S.§ 336.1, et seq. ("PMWA"), as well as a claim for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 et seq. ("WPCL").**

    **ANSWER:** SMB admits that Plaintiff asserts claims in this action under the identified statutes. SMB denies that Plaintiff is owed damages for unpaid overtime compensation or unpaid wages under the FLSA, PMWA, WPCL, or any other law.

## II.   PARTIES

3. **The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

    **ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

4. **Plaintiff is an adult individual with an address as captioned above.**

    **ANSWER:** SMB admits that Plaintiff is an adult individual and that its records reflect her last known address as 757 Rattling Run Road, Mickleton, NJ 08056.

5. **Defendant is a Pennsylvania Professional Corporation (PA Secretary of State Entity No. 2800152) with a business address as captioned above.**

    **ANSWER:** Admitted.

6. **Defendant is a nationally-recognized plaintiffs' litigation law firm specializing in cases arising from catastrophic construction accidents and other mass casualty events.**

    **ANSWER:** Admitted, except that SMB specializes in additional types of cases not listed in Paragraph 6 (e.g., transportation accidents and medical malpractice matters).

7. **Plaintiff formerly worked as a litigation paralegal for Defendant.**

    **ANSWER:** Admitted.

8. **At all times relevant herein, Defendant acted through its agents, servants and employees, all of whom acted in the course and scope of their employment.**

**ANSWER:** SMB admits only that it acted by and through its authorized agents and employees and that it is not aware of any of its agents or employees acting outside the course and scope of their employment with respect to Plaintiff. SMB denies the remaining allegations of Paragraph 8.

### III.   JURISDICTION AND VENUE

9. **The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

**ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

10. **The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.**

**ANSWER:** The allegations in Paragraph 10 are conclusions of law to which no responsive pleading is required.

11. **The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under federal law.**

**ANSWER:** The allegations in Paragraph 11 are conclusions of law to which no responsive pleading is required.

12. **The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.**

**ANSWER:** The allegations in Paragraph 12 are conclusions of law to which no responsive pleading is required.

13. **Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred exclusively in this judicial district, including specifically: (i) Plaintiff's employment with Defendants; and (ii) Defendants' failure to pay overtime compensation owed to Plaintiff.**

   **ANSWER:** SMB admits only that it conducts business in this judicial district and that Plaintiff was employed by SMB in this judicial district. SMB denies that it failed to pay overtime compensation owed to Plaintiff. The remaining allegations in Paragraph 13 are conclusions of law to which no responsive pleading is required.

### IV.   FACTUAL BACKGROUND

14. **The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

   **ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

15. **Plaintiff was employed as a litigation paralegal for Defendant from January of 2012 through July 29, 2021.**

   **ANSWER:** Admitted.

16. **At the inception of Plaintiff's employment, Defendant confirmed via her offer letter of January 11, 2012 that she would be an "hourly" employee working 35 hours per week.**

   **ANSWER:** Admitted.

17. **Plaintiff worked a full-time schedule within the three (3) years preceding the filing of this action.**

   **ANSWER:** Admitted.

18. **Plaintiff was paid $3,315.31 bi-monthly, or $79,567.44 annually.**

   **ANSWER:** SMB admits that, at the time of Plaintiff's resignation, she was paid $3,315.31 bi-monthly, or $79,567,44 annually. By way of further response, Plaintiff also received bonuses and overtime compensation during her employment.

19. **Defendant's employees are paid on the 15th and the last day of each month.**

   **ANSWER:** Admitted.

20. **Defendant issues its employees separate checks for regular and overtime pay.**

    **ANSWER:** Admitted.

21. **At all times relevant hereto, Plaintiff was directly supervised by Adam Pantano, Esquire ("Pantano"), a partner of Defendant.**

    **ANSWER:** SMB admits that Plaintiff's direct supervisors included Adam Pantano, who is currently a partner at SMB.

22. **From the inception of her employment through March 16, 2020, Plaintiff was treated as a non-exempt employee by Defendant and was compensated for the overtime hours she worked without issue.**

    **ANSWER:** SMB admits that Plaintiff was treated as a non-exempt employee for the duration of her employment and was compensated for all overtime hours worked. SMB denies the remaining allegations in Paragraph 22 to the extent that they are meant to imply that Plaintiff was not compensated for overtime hours she worked after March 16, 2020.

23. **On March 16, 2020, Plaintiff began working at home with the approval of Defendant due to the unprecedented Coronavirus pandemic.**

    **ANSWER:** Admitted.

24. **Defendant provided Plaintiff with a laptop computer for home work purposes.**

    **ANSWER:** Admitted.

25. **After the aforesaid date, Plaintiff continued to work a full-time schedule as well as substantial overtime hours.**

    **ANSWER:** Denied.

26. **Plaintiff was contacted at all hours by Pantano and other agents of Defendant via email, telephone and text messages regarding work-related projects and issues, and was expected to answer.**

    **ANSWER:** SMB admits only that Pantano and other agents of SMB contacted Plaintiff via email, telephone or text message regarding work-related projects and issues at various hours of the day. SMB denies the remaining allegations in Paragraph 26 to the extent that they are

meant to imply that Plaintiff was expected to respond to Pantano and other agents of SMB at "all hours."

**27. Over the period of time she worked at home, Plaintiff worked a substantial amount of overtime but was only paid for her overtime occasionally.**

    **ANSWER:** It is admitted that Plaintiff was paid for overtime she actually worked. The remaining allegations of Paragraph 27 are denied.

**28. Plaintiff was paid no overtime for her work at home in 2020.**

    **ANSWER:** SMB admits that Plaintiff did not work overtime hours in 2020 and, thus, was not paid for overtime compensation in 2020.

**29. In 2021, Plaintiff received only $5,885.52 in overtime pay (far less than was required for the substantial hours she worked).**

    **ANSWER:** SMB admits only that Plaintiff received $5,885.52 in overtime pay in 2021. SMB denies the remaining allegations in Paragraph 29.

**30. Plaintiff inquired repeatedly about payment for the overtime hours she worked but (other than occasional overtime payments in 2021 as aforesaid) payment was not made by Defendant.**

    **ANSWER:** Denied.

**31. Pantano advised Plaintiff that he was "trying to work on something" and to be "patient" about her unpaid overtime, but the situation was never resolved.**

    **ANSWER:** SMB admits that Pantano informed Plaintiff that he was exploring the possibility of hiring an additional employee to join the team and discussed this with Plaintiff. SMB denies that Pantano made the statements alleged in Paragraph 31 with respect to unpaid overtime and specifically denies that Plaintiff was owed any unpaid overtime compensation.

**32. Plaintiff nonetheless continued to work tirelessly and with dedication to Defendant during the Coronavirus pandemic.**

    **ANSWER:** Denied.

33. **Plaintiff frequently worked 20 hour days (from 6 a.m. to 2 a.m. the next morning) and only shut down her work computer at 2. a.m. because Defendant's computer network rebooted at that time.**

    **ANSWER:** Denied.

34. **Plaintiff resigned from Defendant's employ on July 29, 2021 and has not received compensation for all the overtime work she performed**.

    **ANSWER:** SMB admits only that Plaintiff resigned on July 29, 2021.  SMB denies the remaining allegations in Paragraph 34 and specifically denies that Plaintiff has not received compensation for the work she performed.

**Count I**
**Violations of the Fair Labor Standards Act**

35. **The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

    **ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

36. **During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period.[3]**

    **ANSWER:**  SMB admits only that Plaintiff was treated as a non-exempt employee for the duration of her employment and was paid for all overtime worked in compliance with applicable law.  SMB denies that Plaintiff was entitled to overtime compensation for any work week during which she did not work more than 40 hours.

37. **During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

---

[3] The Complaint does not define its capitalized term, "Statutory Period."  For purposes of this Answer, SMB presumes that the term "Statutory Period," as used with respect to the FLSA, is two years.  29 U.S.C. § 255(a).

**ANSWER:** Denied as stated.  SMB admits that Plaintiff worked more than 40 hours during certain work weeks and was paid for all overtime worked in compliance with applicable law.

**38. During the Statutory Period, plaintiff did not receive overtime payment for such overtime hours.**

**ANSWER:** Denied.

**39. Defendant and its agents knew or should have known that Defendant was required to pay overtime to plaintiff during the Statutory Period.**

**ANSWER:** SMB admits only that SMB and its agents knew that SMB was required to (and did) pay Plaintiff overtime compensation for overtime hours worked.  SMB denies the remaining allegations in Paragraph 39 to the extent that they suggest that SMB knew or should have known that Plaintiff was not paid for all overtime worked (as Plaintiff was paid for all overtime worked).

**40. During the Statutory Period, plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorneys' fees, costs, liquidated damages and all other relief appropriate under the FLSA.**

**ANSWER:** SMB admits only that Plaintiff received overtime compensation equal to one and one-half her hourly rate for every hour worked beyond 40 hours per week.  SMB denies the remaining allegations in Paragraph 40 and specifically denies that Plaintiff is entitled to any damages or relief under the FLSA.

**41. While employed by Defendants, Plaintiff provided labor and other services that qualified her for overtime under the FLSA.**

**ANSWER:** SMB admits only that Plaintiff worked overtime during some work weeks and was paid for all overtime worked in compliance with applicable law.  The remaining allegations in Paragraph 41 are conclusions of law to which no responsive pleading is required.

42. **The FLSA requires payment of overtime for all work performed by an employee, regardless of whether it is carried out at an office or other work location or at the employee's home. See United States Department of Labor Wage and Hour Division Field Assistance Bulletin Nos. 2020-5 and 2020-1567-NAT.**

   **ANSWER:** The allegations in Paragraph 42 are conclusions of law to which no responsive pleading is required.

43. **Section 541.301(e)(7) of the FLSA specifies that paralegals are not exempt from overtime except in rare circumstances not applicable here.**

   **ANSWER:** The allegations in Paragraph 43 are conclusions of law to which no responsive pleading is required.

44. **Defendant knowingly and intentionally failed to pay overtime to Plaintiff, in violation of the FLSA.**

   **ANSWER:** Denied.

45. **Plaintiff seeks damages in accordance with the FLSA for the overtime payments that Defendants willfully failed and refused to pay to her.**

   **ANSWER:** SMB admits only that Plaintiff seeks damages under the FLSA for unspecified overtime that she claims falsely to have worked. SMB denies the remaining allegations in Paragraph 45 and specifically denies that it failed or refused to pay Plaintiff in compliance with applicable law.

**Count II**
**Violations of The PA Minimum Wage Act**

46. **The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

   **ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

47. **During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by Defendant.[4]**

    **ANSWER:** SMB admits only that Plaintiff was treated as a non-exempt employee for the duration of her employment and was paid for all overtime worked in compliance with applicable law.  SMB denies that Plaintiff was entitled to overtime compensation for any work week in which she did not work more than 40 hours.

48. **During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

    **ANSWER:** Denied as stated. SMB admits only that Plaintiff worked more than 40 hours during certain work weeks and was paid for all overtime worked in compliance with applicable law.  The remaining allegations of Paragraph 48 are denied.

49. **During the Statutory Period, plaintiff did not receive overtime payment for such overtime hours. Defendant and its agents knew or should have known that they were required to pay overtime to Plaintiff during the Statutory Period.**

    **ANSWER:** SMB admits only that SMB and its agents knew that SMB was required to (and did) pay Plaintiff overtime compensation for overtime hours worked.  SMB denies the remaining allegations in Paragraph 49 to the extent that they suggest that SMB knew or should have known that Plaintiff was not paid for all overtime worked (as Plaintiff was paid for all overtime worked) and specifically denies that Plaintiff did not receive overtime compensation for overtime hours worked.

50. **During the Statutory Period, Plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the PMWA.**

---

[4] The Complaint does not define its capitalized term, "Statutory Period."  For purposes of this Answer, SMB presumes that the term "Statutory Period," as used with respect to the PMWA, is three years.  43 Pa. Stat. Ann. § 260.9a.

**ANSWER:** SMB admits only that Plaintiff received overtime compensation equal to one and one-half her hourly rate for every hour worked beyond 40 hours per week for overtime hours worked. SMB denies the remaining allegations in Paragraph 50 and specifically denies that Plaintiff is entitled to any relief under the PMWA.

**Count III**
**Violations of The PA Wage Payment and Collection Law**

**51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** SMB herein incorporates by reference its responses to the foregoing paragraphs in their entirety as if set forth in full.

**52. During the Statutory Period, plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by defendant.[5]**

**ANSWER:** SMB admits only that Plaintiff was treated as a non-exempt employee for the duration of her employment and was paid for all overtime worked in compliance with applicable law. SMB denies that Plaintiff was entitled to overtime compensation for any work week in which she did not work more than 40 hours.

**53. During the Statutory Period, plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

**ANSWER:** Denied as stated. SMB admits only that Plaintiff worked more than 40 hours during certain work weeks and was paid for all overtime worked in compliance with applicable law.

**54. During the Statutory Period, plaintiff did not receive any compensation for such overtime hours.**

**ANSWER:** Denied.

---

[5] The Complaint does not define its capitalized term, "Statutory Period." For purposes of this Answer, SMB presumes that the term "Statutory Period," as used with respect to the WPCL, is three years. 43 Pa. Stat. Ann. § 260.9a

**55. Defendant's failure to pay Plaintiff compensation to which she was entitled was without justification or good reason.**

**ANSWER:** Denied.

**56. During the Statutory Period, Defendant knew or should have known that they were required to pay overtime to Plaintiff.**

**ANSWER:** SMB admits only that SMB and its agents knew that SMB was required to (and did) pay Plaintiff overtime compensation for overtime hours worked. SMB denies the remaining allegations in Paragraph 56 to the extent that they suggest that SMB knew or should have known that Plaintiff was not paid for all overtime worked (as Plaintiff was paid for all overtime worked).

**57. Plaintiff is entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the WPCL.**

**ANSWER:** SMB admits only that Plaintiff received overtime compensation equal to one and one-half her hourly rate for every hour worked beyond 40 hours per week for overtime hours worked. By way of further response, Plaintiff was paid for all overtime worked in compliance with applicable law. SMB denies the remaining allegations in Paragraph 57 and specifically denies that Plaintiff is entitled to any relief under the WPCL.

## SMB'S AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's FLSA claim is barred, in part, by the applicable statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, because she has already been paid and/or received all wages due to her under applicable law.

3. To the extent that the Court finds any liability (which SMB denies), and subject to proof through discovery, SMB may be entitled to a set-off for any amounts already paid in wages to which the Plaintiff was not entitled, including without limitation, payment for hours during which she was not working.

4. Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked of which SMB lacked actual or constructive knowledge.

5. Plaintiff's claims are barred, in whole or in part, to the extent that she did not accurately report her work hours.

6. Plaintiff's claims are barred, in whole or in part, to the extent that the amount of time for which payment is sought, if unpaid time can be established (which SMB denies), was *de minimis* (subject to proof through discovery).

7. Plaintiff's claims are barred, in whole or in part, to the extent that they concern time during which she was engaged in activities that were preliminary or postliminary to her principal job activities or otherwise not compensable (subject to proof through discovery).

8. Plaintiff cannot meet her burden to establish that SMB's alleged unlawful failure to pay overtime or wages was a knowing, willful, and/or intentional violation of law.

9. SMB has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of applicable law.

**WHEREFORE**, SMB respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense and such other relief as is allowed by the Court.

| | |
|---|---|
| Dated: July 11, 2022 | Respectfully submitted,<br><br>*/s/ Michael L. Banks*<br>Michael L. Banks (PA ID 35052)<br>Benjamin K. Jacobs (PA ID 315984)<br>1701 Market Street<br>Philadelphia, PA  19103<br>Tel: 215.963.5000<br>Fax: 215.963.5001<br>Email: michael.banks@morganlewis.com<br>         benjamin.jacobs@morganlewis.com<br><br>*Counsel for Defendant Saltz Mongeluzzi & Bendesky P.C.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2022, a copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to the attorneys of record.

                                              */s/ Michael L. Banks*
                                              Michael L. Banks