## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES,<br><br>     Plaintiff,<br><br>v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.,<br><br>     Defendant. | Case No.: 2:22-CV-02277 |

### DEFENDANTS SALTZ MONGELUZZI & BENDESKY P.C. AND ROBERT J. MONGELUZZI'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Saltz Mongeluzzi & Bendesky P.C. ("SMB") and Robert J. Mongeluzzi

(collectively with SMB, "Defendants") hereby submit the following Answer and Defenses to the

First Amended Civil Action Complaint ("Amended Complaint") filed by Desiree Purvenas-

Hayes ("Plaintiff") in accordance with the numbered Paragraphs thereof as follows:

### I. INTRODUCTION[1]

1. **Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for unpaid overtime compensation owed to her by her former employer, Saltz Mongeluzzi & Bendesky, P,C. (hereinafter "Defendant") pursuant to the Fair Labor Standards Act (FLSA) and other applicable federal and state law.[2]**

---

[1] Defendants repeat the headings in Plaintiff's Amended Complaint for ease of reference but deny the headings insofar as they contain allegations or demands for relief. Defendants deny that Plaintiff is entitled to any damages or other relief, including the relief described in the unnumbered paragraphs following Paragraphs 57, 63, 69, 76, and 83.

[2] For ease of reference, Defendants reproduce herein each of Plaintiff's allegations exactly as they appear in the Amended Complaint (including all errors).

**ANSWER:** Defendants admit that Plaintiff was formerly employed by SMB and has initiated the instant action in which she purports to seek damages for unpaid overtime allegedly owed to her by SMB pursuant to the FLSA and state law. Defendants deny the remaining allegations in Paragraph 1 and specifically deny that Defendants owe Plaintiff compensation under federal or state law for overtime worked.

2. **Plaintiff asserts claims for overtime compensation and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania's Minimum Wage Act, 43 P.S.§ 336.1, et seq. ("PMWA"), as well as a claim for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 et seq. ("WPCL") and related state law claims.**

**ANSWER:** Defendants admit that Plaintiff asserts claims in this action under the identified statutes. Defendants deny that Plaintiff is owed damages for unpaid overtime compensation or unpaid wages under the FLSA, PMWA, WPCL, or any other law; that Plaintiff was retaliated against under the FLSA or any other law; and that Plaintiff is entitled to relief under state law or any other law.

## II. PARTIES

3. **The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

4. **Plaintiff is an adult individual with an address as captioned above.**

**ANSWER:** Defendants admit that Plaintiff is an adult individual and that SMB's records reflect her last known address as 757 Rattling Run Road, Mickleton, NJ 08056.

5. **Defendant Saltz, Mongeluzzi & Bendesky, P.C. (hereinafter "Defendant Law Firm") is a Pennsylvania Professional Corporation (PA Secretary of State Entity No. 2800152) with a business address as captioned above.**

**ANSWER:** Admitted.

2

6. **Defendant Law Firm is a nationally-recognized plaintiffs' litigation law firm specializing in cases arising from catastrophic construction accidents and other mass casualty events.**

   **ANSWER:** Admitted, except that SMB specializes in additional types of cases not listed in Paragraph 6 (e.g., transportation accidents and medical malpractice matters).

7. **Defendant Robert J. Mongeluzzi (hereinafter "Defendant Mongeluzzi") is an adult individual, an attorney at law, and the managing partner of Defendant Law Firm.**

   **ANSWER:** Defendants admit only that Mr. Mongeluzzi is an adult individual and an attorney at law. Defendants deny the remaining allegations in Paragraph 7. By way of further response, Mr. Mongeluzzi is the founder and a shareholder of SMB.

8. **At all times relevant hereto, Defendant Mongeluzzi exercised sufficient control over the day-to-day operations of Defendant Law Firm, and maintained sufficient ownership interest therein, that he may be held individually liable for Plaintiff's unpaid wages under the FLSA.**

   **ANSWER:** Defendants admit that Mr. Mongeluzzi exercises some control over the day-to-day operations of SMB and has an ownership interest in SMB. The remaining allegations in Paragraph 8 are conclusions of law to which no responsive pleading is required.

9. **At all times relevant hereto, Defendant Mongeluzzi was also an active decisionmaker for Defendant Law Firm, allowing him to be held individually liable on Plaintiff's claims under the Pennsylvania Minimum Wage Act and Wage Payment and Collection Law.**

   **ANSWER:** Defendants admit that Mr. Mongeluzzi makes certain decisions on behalf of SMB. The remaining allegations in Paragraph 9 are conclusions of law to which no responsive pleading is required.

10. **Plaintiff formerly worked as a litigation paralegal for Defendants.**

**ANSWER:**  Defendants admit that Plaintiff was formerly employed by SMB as a litigation paralegal.  Defendants deny the remaining allegations in Paragraph 10 to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**11. At all times relevant herein, Defendants acted through their agents, servants and employees, all of whom acted in the course and scope of their employment.**

**ANSWER:** Defendants admit only that SMB acted by and through its authorized agents and employees and that they are not aware of any of SMB's agents or employees acting outside the course and scope of their employment with respect to Plaintiff.  Defendants deny the remaining allegations of Paragraph 11.

### III. JURISDICTION AND VENUE

**12. The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

**ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

**13. The Court may properly maintain personal jurisdiction over Defendants because their contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.**

**ANSWER:** The allegations in Paragraph 13 are conclusions of law to which no responsive pleading is required.

**14. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under federal law.**

**ANSWER:** The allegations in Paragraph 14 are conclusions of law to which no responsive pleading is required.

15. **The Court may also maintain supplemental jurisdiction over the state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.**

 **ANSWER:** The allegations in Paragraph 15 are conclusions of law to which no responsive pleading is required.

16. **Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants conduct business in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred exclusively in this judicial district, including specifically: (i) Plaintiff's employment with Defendants; and (ii) Defendants' failure to pay overtime compensation owed to Plaintiff.**

 **ANSWER:** Defendants admit only that they conduct business in this judicial district and that Plaintiff was employed by SMB in this judicial district.  Defendants deny that Plaintiff was not compensated for overtime hours she worked.  Defendants further deny the allegations in Paragraph 16 to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.  The remaining allegations in Paragraph 16 are conclusions of law to which no responsive pleading is required.

## IV. FACTUAL BACKGROUND

17. **The foregoing paragraphs are incorporated in their entirety as if set forth in full.**

 **ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

### A. Plaintiff's Employment and Unpaid Overtime

18. **Plaintiff was employed as a litigation paralegal for Defendants from January of 2012 through July 29, 2021.**

 **ANSWER:** Defendants admit that Plaintiff was employed by SMB as a litigation paralegal from January 2012 through July 29, 2021. Defendants deny the remaining allegations

in Paragraph 18 to the extent that they are meant to imply that Plaintiff was employed by Mr.

Mongeluzzi.

**19. At the inception of Plaintiff's employment, Defendants confirmed via her offer letter of January 11, 2012 that she would be an "hourly" employee working 35 hours per week.**

    **ANSWER:** Defendants admit that, at the inception of Plaintiff's employment, SMB

confirmed via her offer letter of January 11, 2012 that she would be an "hourly" employee

working thirty-five hours per week.  Defendants deny the remaining allegations in Paragraph 19

to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**20. Plaintiff worked a full-time schedule within the three (3) years preceding the filing of this action.**

    **ANSWER:** Admitted.

**21. Plaintiff was paid $3,315.31 bi-monthly, or $79,567.44 annually.**

    **ANSWER:** Defendants admit that, at the time of Plaintiff's resignation, she was paid

$3,315.31 bi-monthly, or $79,567,44 annually.  By way of further response, Plaintiff also

received bonuses and overtime compensation during her employment.

**22. Defendants' employees are paid on the 15th and the last day of each month.**

    **ANSWER:** Defendants admit that SMB's employees are paid on the fifteenth and the

last day of each month.  Defendants deny the remaining allegations in Paragraph 22 to the extent

that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**23. Defendants issue their employees separate checks for regular and overtime pay.**

    **ANSWER:** Defendants admit that SMB issues its employees separate checks for regular

and overtime pay.  Defendants deny the remaining allegations in Paragraph 23 to the extent that

they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi or that Mr. Mongeluzzi

personally issues paychecks to employees.

**24. At all times relevant hereto, Plaintiff was directly supervised by Adam Pantano, Esquire ("Pantano"), a partner of Defendant Law Firm.**

     **ANSWER:** Defendants admit that Plaintiff's direct supervisors included Adam Pantano,

who is currently a partner at SMB.

**25. From the inception of her employment through March 16, 2020, Plaintiff was treated as a non-exempt employee by Defendants and was compensated for the overtime hours she worked without issue.**

     **ANSWER:** Defendants admit that Plaintiff was treated as a non-exempt employee for the

duration of her employment and was compensated for all overtime hours worked.  Defendants

deny the remaining allegations in Paragraph 25 to the extent that they are meant to imply that

Plaintiff was not compensated for overtime hours she worked after March 16, 2020 or that

Plaintiff was employed by Mr. Mongeluzzi.

**26. On March 16, 2020, Plaintiff began working at home with the approval of Defendants due to the unprecedented Coronavirus pandemic.**

     **ANSWER:** Defendants admit that, on or about March 16, 2020, Plaintiff began working

at home with the approval of SMB due to the Coronavirus pandemic.  Defendants deny the

remaining allegations in Paragraph 26 to the extent that they are meant to imply that Plaintiff was

employed by Mr. Mongeluzzi.

**27. Defendants provided Plaintiff with a laptop computer for home work purposes.**

     **ANSWER:** Defendants admit that SMB provided Plaintiff with a laptop computer for

home work purposes.  Defendants deny the remaining allegations in Paragraph 27 to the extent

that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**28. After the aforesaid date, Plaintiff continued to work a full-time schedule as well as substantial overtime hours, was contacted at all hours by Pantano and other agents of Defendant via email, telephone and text messages regarding work-related projects and issues, and was expected to answer.**

**ANSWER:** Defendants admit only that Pantano and other agents of SMB contacted Plaintiff via email, telephone or text message regarding work-related projects and issues at various hours of the day.  Defendants deny the remaining allegations in Paragraph 28 to the extent that they are meant to imply that Plaintiff was expected to respond to Pantano and other agents of SMB at "all hours" and specifically deny that Plaintiff worked substantial overtime hours after March 16, 2020.

**29. Over the period of time she worked at home, Plaintiff worked a substantial amount of overtime but was only paid for her overtime occasionally.**

**ANSWER:** It is admitted that Plaintiff was paid for overtime she actually worked.  The remaining allegations of Paragraph 29 are denied.

**30. Plaintiff was paid no overtime for her work at home in 2020.**

**ANSWER:** Defendants admit that Plaintiff did not work overtime hours after she began working from home in 2020 and, thus, was not paid for overtime compensation in 2020 after she began working from home.

**31. In 2021, Plaintiff received only $5,885.52 in overtime pay (far less than was required for the substantial hours she worked).**

**ANSWER:** Defendants admit only that Plaintiff received $5,885.52 in overtime pay in 2021.  Defendants deny the remaining allegations in Paragraph 31.

**32. Plaintiff inquired repeatedly about payment for the overtime hours she worked but (other than occasional overtime payments in 2021 as aforesaid) payment was not made by Defendants.**

**ANSWER:** Denied.

33. **Pantano advised Plaintiff that he was "trying to work on something" and to be "patient" about her unpaid overtime, but the situation was never resolved.**

      **ANSWER:** Defendants admit that Pantano informed Plaintiff that he was exploring the possibility of hiring an additional employee to join the team and discussed this with Plaintiff. Defendants deny that Pantano made the statements alleged in Paragraph 33 with respect to unpaid overtime and specifically deny that Plaintiff was owed any unpaid overtime compensation.

34. **Plaintiff nonetheless continued to work tirelessly and with dedication to Defendants during the Coronavirus pandemic.**

      **ANSWER:** Denied.

35. **Plaintiff frequently worked 20 hour days (from 6 a.m. to 2 a.m. the next morning) and only shut down her work computer at 2. a.m. because Defendants' computer network rebooted at that time.**

      **ANSWER:** Denied.

36. **Plaintiff resigned from Defendants' employ on July 29, 2021 and has not received compensation for all the overtime work she performed.**

      **ANSWER:** Defendants admit only that Plaintiff resigned on July 29, 2021. Defendants deny the remaining allegations in Paragraph 36, including to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi, and Defendants specifically deny that Plaintiff has not received compensation for the work she performed.

    **B. The Retaliation and Disclosure of Plaintiff's Confidential Medical Information by Defendant Mongeluzzi.**

37. **Plaintiff filed the instant civil action on June 7, 2022.**

      **ANSWER:** Admitted.

38. **On or about June 12 or June 13, 2022, Defendant Mongeluzzi made statements regarding Plaintiff and the instant action to the Philadelphia Legal Intelligencer (a**

**Philadelphia legal newspaper read by over 14,000 members of the legal community daily).**

**ANSWER:** Defendants admit only that, on or about June 13, 2022, Mr. Mongeluzzi made statements to *The Legal Intelligencer* about Plaintiff and this case. Defendants lack information sufficient to form a belief as to the remaining allegations in Paragraph 38 and therefore deny the same.

**39. In his statement to the Legal Intelligencer, Defendant Mongeluzzi publicly disclosed confidential medical information related to Plaintiff.**

**ANSWER:** Denied.

**40. Specifically, Defendant Mongeluzzi stated that Plaintiff was not vaccinated against the COVID-19 virus, was one of two employees at Defendant Law Firm who allegedly refused the vaccination, was "disgruntled," and had made "unfounded" claims against Defendants.**

**ANSWER:** Denied.

**41. Plaintiff's COVID-19 vaccination status was confidential medical information under the Americans with Disabilities Act.**

**ANSWER:** Defendants deny the allegations in Paragraph 41 to the extent they imply that Defendants disclosed Plaintiff's COVID-19 vaccination status, and deny that disclosing that Plaintiff did not wish to receive the vaccine was confidential medical information.

**42. Defendant Mongeluzzi knew or should have known that Plaintiff's vaccination status was confidential medical information since he is a practicing attorney and the managing partner of a large law firm.**

**ANSWER:** Defendants admit only that Mr. Mongeluzzi is a practicing attorney. Defendants deny the remaining allegations in Paragraph 42.

**43. The Legal Intelligencer reported the foregoing statements to the Philadelphia legal community on June 13, 2022, causing significant embarrassment and pain and suffering to Plaintiff (as Defendant Mongeluzzi intended).**

**ANSWER:** Defendants admit only that, on or about June 13, 2022, *The Legal Intelligencer* published an article that contained certain comments regarding Plaintiff and the instant action and that the comments were attributed to Mr. Mongeluzzi.  Defendants deny the remaining allegations in Paragraph 43.

**44. The foregoing disclosure was in direct violation of the confidentiality requirements of the Americans with Disabilities Act (see 42 U.S.C. § 12112(d)(3)(B) and §12112(d)(4)(C)).**

   **ANSWER:** Denied.

**45. The foregoing disclosure was also made in retaliation for Plaintiff's filing of the instant civil action to assert her rights under the Fair Labor Standards Act.**

   **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA retaliation claim and, therefore, no response is required to the allegations in Paragraph 45.  To the extent a response is required, and without waiving its right to seek the relief requested in its Motion to Dismiss, Defendants deny the allegations in Paragraph 45.

**46. Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission seeking redress for Defendants' deliberate violations of the confidentiality requirements of the ADA, and will seek to amend this Complaint to include a claim under the ADA once she receives a Notice of Right to Sue on same.**

   **ANSWER:** Defendants deny that they violated the confidentiality requirements of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.  Defendants lack information sufficient to form a belief as to the remaining allegations in Paragraph 46 and therefore deny the same.

<u>**Count I**</u>
<u>**Violations of the Fair Labor Standards Act**</u>
<u>**Plaintiff v. Both Defendants**</u>

**47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

**48. During the Statutory Period, Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period.[3]**

**ANSWER:** Defendants admit only that Plaintiff was treated as a non-exempt employee for the duration of her employment and was paid for all overtime worked in compliance with applicable law. Defendants deny that Plaintiff was entitled to overtime compensation for any work week during which she did not work more than forty hours.

**49. During the Statutory Period, Plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

**ANSWER:** Denied as stated. Defendants admit that Plaintiff worked more than forty hours during certain workweeks and was paid for all overtime worked in compliance with applicable law.

**50. During the Statutory Period, Plaintiff did not receive overtime payment for such overtime hours.**

**ANSWER:** Denied.

**51. Defendants and their agents knew or should have known that they were was required to pay overtime to plaintiff during the Statutory Period.**

**ANSWER:** Defendants admit only that they and SMB's agents knew that SMB was required to (and did) pay Plaintiff overtime compensation for overtime hours worked. Defendants deny the remaining allegations in Paragraph 51 to the extent that they suggest that

---

[3] The Amended Complaint does not define its capitalized term, "Statutory Period." For purposes of this Answer, Defendants presume that the term "Statutory Period," as used with respect to the FLSA, is two years. 29 U.S.C. § 255(a).

Defendants knew or should have known that Plaintiff was not paid for all overtime worked (as Plaintiff was paid for all overtime worked) or are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**52. During the Statutory Period, Plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorneys' fees, costs, liquidated damages and all other relief appropriate under the FLSA.**

**ANSWER:** Defendants admit only that Plaintiff received overtime compensation equal to one and one-half her hourly rate for every hour worked beyond forty hours per week. Defendants deny the remaining allegations in Paragraph 52 and specifically deny that Plaintiff is entitled to any damages or relief under the FLSA.

**53. While employed by Defendants, Plaintiff provided labor and other services that qualified her for overtime under the FLSA.**

**ANSWER:** Defendants admit only that Plaintiff worked overtime during some work weeks and was paid for all overtime worked in compliance with applicable law. Defendants deny the allegations in Paragraph 53 to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi. The remaining allegations in Paragraph 53 are conclusions of law to which no responsive pleading is required.

**54. The FLSA requires payment of overtime for all work performed by an employee, regardless of whether it is carried out at an office or other work location or at the employee's home. See United States Department of Labor Wage and Hour Division Field Assistance Bulletin Nos. 2020-5 and 2020-1567-NAT.**

**ANSWER:** The allegations in Paragraph 54 are conclusions of law to which no responsive pleading is required.

**55. Section 541.301(e)(7) of the FLSA specifies that paralegals are not exempt from overtime except in rare circumstances not applicable here.**

    **ANSWER:** The allegations in Paragraph 55 are conclusions of law to which no responsive pleading is required.

**56. Defendants knowingly and intentionally failed to pay overtime to Plaintiff, in violation of the FLSA.**

    **ANSWER:** Denied.

**57. Plaintiff seeks damages in accordance with the FLSA for the overtime payments that Defendants willfully failed and refused to pay to her.**

    **ANSWER:** Defendants admit only that Plaintiff seeks damages under the FLSA for unspecified overtime that she claims falsely to have worked.  Defendants deny the remaining allegations in Paragraph 57, including to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi, and specifically deny that SMB failed or refused to pay Plaintiff in compliance with applicable law.

<u>**COUNT II**</u>
<u>**FLSA Retaliation**</u>
<u>**Plaintiff v. Both Defendants**</u>

**58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

    **ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

**59. Section 15(a)(3) of the FLSA states that it is a violation for any  person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."**

    **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA retaliation claim and, therefore, no response is required to the allegations in Paragraph 59.  To

14

the extent that a response is required, and without waiving their right to seek the relief requested

in their Motion to Dismiss, the allegations in Paragraph 59 purport to characterize a written

statute that speaks for itself.  To the extent that the allegations in Paragraph 59 misconstrue,

mischaracterize, or misstate the content of such statute, they are denied.

**60. Defendants' public disclosure of Plaintiff's confidential medical information and their other statements as aforesaid were made deliberately and in retaliation for Plaintiff's filing of the instant action and other protected activity under the FLSA.**

      **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA

retaliation claim and, therefore, no response is required to the allegations in Paragraph 60.  To

the extent a response is required, and without waiving their right to seek the relief requested in

their Motion to Dismiss, Defendants deny the allegations in Paragraph 60.

**61. The aforesaid disclosure of Plaintiff's confidential medical information and the other statements made by Defendants as aforesaid constituted "adverse action" again Plaintiff. See United States Department of Labor Wage and Hour Division Field Assistance Bulletin No. 2022-02 (March 10, 2022)(noting that adverse action can take "many forms" not directly related to employment or wages and may often be "subtle").**

      **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA

retaliation claim and, therefore, no response is required to the allegations in Paragraph 61.  To

the extent a response is required, and without waiving their right to seek the relief requested in

their Motion to Dismiss, Defendants deny the allegations in Paragraph 61.

**62. The temporal proximity between Plaintiff's protected activity (on June 7, 2022) and the wrongful actions of Defendants (on June 12 or June 13 of 2022), combined with the fact that they discussed Plaintiff's confidential medical information while making statements directly about her protected activity, demonstrates the required causal connection between Plaintiff's protected activity and the retaliatory actions of Defendants.**

      **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA

retaliation claim and, therefore, no response is required to the allegations in Paragraph 62.  To

the extent a response is required, and without waiving their right to seek the relief requested in

their Motion to Dismiss, Defendants deny the allegations in Paragraph 62.

**63. As a result of the foregoing retaliation, Plaintiff suffered damages, including significant embarrassment, distress, reputational harm, and pain and suffering, and will continue to suffer such damages in the future.**

   **ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's FLSA

retaliation claim and, therefore, no response is required to the allegations in Paragraph 63.  To

the extent a response is required, and without waiving their right to seek the relief requested in

their Motion to Dismiss, Defendants deny the allegations in Paragraph 63.

<u>**Count III**</u>
<u>**Violations of The PA Minimum Wage Act**</u>
<u>**Plaintiff v. Both Defendants**</u>

**64. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

   **ANSWER:** Defendants herein incorporate by reference their responses to the foregoing

paragraphs in their entirety as if set forth in full.

**65. During the Statutory Period, Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by Defendants.[4]**

   **ANSWER:** Defendants admit only that Plaintiff was treated as a non-exempt employee

for the duration of her employment and was paid for all overtime worked in compliance with

applicable law.  Defendants deny that Plaintiff was entitled to overtime compensation for any

work week in which she did not work more than forty hours.  Defendants deny the remaining

---

[4] The Amended Complaint does not define its capitalized term, "Statutory Period."  For purposes of this Answer, Defendants presume that the term "Statutory Period," as used with respect to the PMWA, is three years.  43 Pa. Stat. Ann. § 260.9a.

allegations in Paragraph 65 to the extent that they are meant to imply that Plaintiff was employed

by Mr. Mongeluzzi.

**66. During the Statutory Period, Plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

    **ANSWER:** Denied as stated.  Defendants admit only that Plaintiff worked more than

forty hours during certain work weeks and was paid for all overtime worked in compliance with

applicable law.  The remaining allegations of Paragraph 66 are denied.

**67. During the Statutory Period, Plaintiff did not receive overtime payment for such overtime hours.**

    **ANSWER:** Denied.

**68. Defendant and their agents knew or should have known that they were required to pay overtime to Plaintiff during the Statutory Period.**

    **ANSWER:** Defendants admit only that they and SMB's agents knew that SMB was

required to (and did) pay Plaintiff overtime compensation for overtime hours worked.

Defendants deny the remaining allegations in Paragraph 68 to the extent that they suggest that

Defendants knew or should have known that Plaintiff was not paid for all overtime worked (as

Plaintiff was paid for all overtime worked) and specifically deny that Plaintiff did not receive

overtime compensation for overtime hours worked or are meant to imply that Plaintiff was

employed by Mr. Mongeluzzi.

**69. During the Statutory Period, Plaintiff was entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the PMWA.**

    **ANSWER:** Defendants admit only that Plaintiff received overtime compensation equal

to one and one-half her hourly rate for every hour worked beyond forty hours per week for

overtime hours worked.  Defendants deny the remaining allegations in Paragraph 69 and specifically deny that Plaintiff is entitled to any relief under the PMWA.

**Count IV**
**Violations of The PA Wage Payment and Collection Law**
**Plaintiff v. Both Defendants**

**70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

**71. During the Statutory Period, Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the Statutory Period that she was employed by Defendants.[5]**

**ANSWER:** Defendants admit only that Plaintiff was treated as a non-exempt employee for the duration of her employment and was paid for all overtime worked in compliance with applicable law.  Defendants deny that Plaintiff was entitled to overtime compensation for any work week in which she did not work more than forty hours.  Defendants deny the remaining allegations in Paragraph 71 to the extent that they are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**72. During the Statutory Period, Plaintiff routinely worked in excess of 40 hours during any given work week during the Statutory Period.**

**ANSWER:** Denied as stated.  Defendants admit only that Plaintiff worked more than forty hours during certain work weeks and was paid for all overtime worked in compliance with applicable law.

---

[5] The Amended Complaint does not define its capitalized term, "Statutory Period."  For purposes of this Answer, Defendants presume that the term "Statutory Period," as used with respect to the WPCL, is three years.  43 Pa. Stat. Ann. § 260.9a.

**73. During the Statutory Period, Plaintiff did not receive any compensation for such overtime hours.**

    **ANSWER:** Denied.

**74. Defendants' failure to pay Plaintiff compensation to which she was entitled was without justification or good reason.**

    **ANSWER:** Denied.

**75. During the Statutory Period, Defendants knew or should have known that they were required to pay overtime to Plaintiff.**

    **ANSWER:** Defendants admit only that they and SMB's agents knew that SMB was required to (and did) pay Plaintiff overtime compensation for overtime hours worked. Defendants deny the remaining allegations in Paragraph 75 to the extent that they suggest that Defendants knew or should have known that Plaintiff was not paid for all overtime worked (as Plaintiff was paid for all overtime worked) or are meant to imply that Plaintiff was employed by Mr. Mongeluzzi.

**76. Plaintiff is entitled to receive payment equal to one and one-half her hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the WPCL.**

    **ANSWER:** Defendants admit only that Plaintiff received overtime compensation equal to one and one-half her hourly rate for every hour worked beyond forty hours per week for overtime hours worked.  By way of further response, Plaintiff was paid for all overtime worked in compliance with applicable law.  Defendants deny the remaining allegations in Paragraph 76 and specifically deny that Plaintiff is entitled to any relief under the WPCL.

<u>**COUNT V**</u>
<u>**Invasion of Privacy (Publication of Private Facts)**</u>
<u>**Plaintiff v. Both Defendants**</u>

**77. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.**

**ANSWER:** Defendants herein incorporate by reference their responses to the foregoing paragraphs in their entirety as if set forth in full.

**78. In making his statements regarding Plaintiff as aforesaid, Defendant Mongeluzzi acted individually and as an agent of Defendant Law Firm.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 78. To the extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 78.

**79. In their statements as aforesaid, Defendants deliberately made private facts regarding Plaintiff known to the public.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 79. To the extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 79.

**80. The foregoing disclosure by Defendants was highly offensive to Plaintiff and would be deemed offensive by a reasonable person.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 80. To the extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 80.

**81. The facts disclosed by Defendants were not of legitimate concern to the general public.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 81. To the

extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 81.

**82. Plaintiff sustained damages, including substantial distress and pain and suffering, as a result of the foregoing disclosure by Defendants.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 82. To the extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 82.

**83. In making the aforesaid disclosure, Defendants acted willfully, deliberately, and with malice, entitling Plaintiff to an award of punitive damages.**

**ANSWER:** Defendants are filing herewith a Motion to Dismiss Plaintiff's invasion of privacy claim and, therefore, no response is required to the allegations in Paragraph 83. To the extent a response is required, and without waiving their right to seek the relief requested in their Motion to Dismiss, Defendants deny the allegations in Paragraph 83.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff fails to state a claim on which relief can be granted with respect to Counts II and V and, therefore Defendants are filing herewith a Motion to Dismiss those claims.

2.      Plaintiff's FLSA claim is barred, in part, by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, because she has already been paid and/or received all wages due to her under applicable law.

4.      To the extent that the Court finds any liability (which Defendants deny), and subject to proof through discovery, Defendants may be entitled to a set-off for any amounts

already paid in wages to which the Plaintiff was not entitled, including, without limitation, payment for hours during which she was not working.

5.      Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

6.      Plaintiff's claims are barred, in whole or in part, to the extent that she did not accurately report her work hours.

7.      Plaintiff's claims are barred, in whole or in part, to the extent that the amount of time for which payment is sought, if unpaid time can be established (which Defendants deny), was *de minimis* (subject to proof through discovery).

8.      Plaintiff's claims are barred, in whole or in part, to the extent that they concern time during which she was engaged in activities that were preliminary or postliminary to her principal job activities or otherwise not compensable (subject to proof through discovery).

9.      Plaintiff cannot meet her burden to establish that Defendants' alleged unlawful failure to pay overtime or wages was a knowing, willful, and/or intentional violation of law.

10.      Defendants have at all times acted in good faith and have had reasonable grounds for believing that any alleged acts and omissions were not violations of applicable law.

11.      Plaintiff has not suffered any adverse employment action.

12.      Any actions taken by Defendants with respect to Plaintiff were nonretaliatory, taken in good faith without retaliatory motive, based on lawful business reasons, and in conformity with applicable federal, state, and local laws.

13.     Defendants deny that Plaintiff's alleged protected activity, or any other impermissible factor played any role in any of the alleged decisions relating to Plaintiff. Alternatively, even if some impermissible factor had played some role in any of those alleged decisions (which Defendants deny), Defendants would have made the same decisions for legitimate nonretaliatory reasons even in the absence of any impermissible factor.

14.     To the extent that Plaintiff has failed to take reasonable steps to mitigate her alleged damages (although Defendants deny that she suffered any damages), her claims for relief are barred and/or diminished.

15.     Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including but not limited to punitive damages.

**WHEREFORE**, Defendants respectfully request that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense and such other relief as is allowed by the Court.

Dated: September 9, 2022                    Respectfully submitted,

                                            */s/ Michael L. Banks*

                                            Michael L. Banks (PA ID 35052)
                                            Benjamin K. Jacobs (PA ID 315984)
                                            1701 Market Street
                                            Philadelphia, PA  19103
                                            Tel: 215.963.5000
                                            Fax: 215.963.500
                                            Email: michael.banks@morganlewis.com
                                            benjamin.jacobs@morganlewis.com


                                            *Counsel for Defendant Saltz Mongeluzzi &
                                            Bendesky P.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2022, a copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to the attorneys of record.


*/s/ Michael L. Banks*

Michael L. Banks