**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DESIREE PURVENAS-HAYES,<br><br>     Plaintiff,<br><br>     v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.<br><br>and<br><br>ROBERT J. MONGELUZZI,<br><br>     Defendants. | Case No.: 2:22-CV-02277 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. RELEVANT FACTUAL ALLEGATIONS ..................................................... 2

III. ARGUMENT ..................................................................................................... 4

   A.  Standard of Review........................................................................... 4

   B.  Plaintiff Fails to  Allege An Actionable Adverse Action as Required to State a Retaliation Claim Under the FLSA.......................................... 4

IV. CONCLUSION................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allen v. Admin. Review Bd.,
  514 F.3d 468 (5th Cir. 2008) ...................................................................8

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...............................................................................4

Bailey v. USX Corp.,
  850 F.2d 1506 (11th Cir. 1988) ...............................................................8

Baird v. Outlook Pointe,
  No. 4:07-cv-1580, 2008 WL 4287382 (M.D. Pa. Sept. 17, 2008)..........................9

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)...........................................................................4, 6

Blutreich v. N. Shore-Long Island Jewish Health Sys., Inc.,
  No. 13-CV-8583, 2015 WL 1515255 (S.D.N.Y. Apr. 2, 2015) ...............................8

Buck v. Hampton Twp. Sch. Dist.,
  452 F.3d 256 (3d Cir. 2006)....................................................................1

Chinoy v. Pa. State Univ.,
  No. 11-cv-1263., 2013 WL 6631536 (M.D. Pa. Dec. 17, 2013) ..............................8

Darveau v. Detecon, Inc.,
  515 F.3d 334 (4th Cir. 2008) ...................................................................7

Dean v. Philadelphia Gas Works,
  No. CV 19-4266, 2021 WL 2661485 (E.D. Pa. June 28, 2021) ..........................5, 7

Downs v. Anapol Schwartz, P.C.,
  No. 14-cv-630, 2015 WL 4770711 (E.D. Pa. Aug. 12, 2015) ............................5, 6

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009)....................................................................4

Goins v. Newark Hous. Auth.,
  No. 15-cv-2195, 2019 WL 1417850 (D.N.J. Mar. 29, 2019) ..................................5

Hemby-Grubb v. Ind. Univ. of Pa.,
  No. 2:06-cv-1307, 2008 WL 4372937 (W.D. Pa. Sept. 22, 2008) ...........................7

Hicks v. Lee Cty. Sch. Dist.,
   No. 2:15-cv-254, 2015 WL 2450495 (M.D. Fla. May 21, 2015) .............................................8

Jaludi v. Citigroup,
   No. 3:15-cv-2076, 2020 WL 7075245 (M.D. Pa. Dec. 3, 2020) ............................................7

Jones v. Amerihealth Caritas,
   95 F. Supp. 3d 807 (E.D. Pa. 2015) ..................................................................................4

Klein v. Pike Cty. Comm'rs,
   No. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) .........................................................4

Kling v. Univ. of Pittsburgh Med. Ctr.,
   No. 2:18-cv-013868, 2021 WL 2882442 (W.D. Pa. July 9, 2021) ..........................................8

Lowery v. Yoram Koby & JYK, Inc.,
   No. 11-cv-5088, 2016 WL 324948 (D.N.J. Jan. 26, 2016) ........................................................4

McIntyre v. Cty. of Delaware,
   No. 18-cv-5066, 2019 WL 3934914 (E.D. Pa. Aug. 19, 2019) .................................................7

Preobrazhenskaya v. Mercy Hall Infirmary,
   71 F. App'x 936 (3d Cir. 2003) ...................................................................................7

Rubano v. Farrell Area Sch. Dist.,
   991 F. Supp. 2d 678 (W.D. Pa. 2014) ...............................................................................9

Sarno v. Douglas Elliman-Gibbons & Ives, Inc.,
   183 F.3d 155 (2d Cir. 1999) .......................................................................................8

Sykes v. Pa. State Police,
   No. 05-1349, 2007 WL 141064 (W.D. Pa. Jan. 17, 2007) .......................................................9

Victaulic Co. v. Tieman,
   499 F.3d 227 (3d Cir. 2007) ......................................................................................6

Wildi v. Alle-Kiski Med. Ctr.,
   659 F. Supp. 2d 640 (W.D. Pa. 2009), order vacated in part on
   reconsideration, 2009 WL 10729564 (W.D. Pa. Nov. 6, 2009) ...............................................5

Wilson v. City of Wilmington,
   No. 13-cv-1390, 2015 WL 4571554 (D. Del. July 29, 2015) ..............................................7, 9

**Statutes**

29 U.S.C. § 215(a)(3) ...................................................................................................4

Americans with Disabilities Act ..................................................................................8

Fair Labor Standards Act ................................................................................ *passim*

Pennsylvania Minimum Wage Act ................................................................................3

Pennsylvania Wage Payment and Collection Law ........................................................3

Sarbanes-Oxley Act ................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................2

## I.      INTRODUCTION

This Court previously dismissed the claim that Defendants Saltz Mongeluzzi & Bendesky P.C. ("SMB") and Robert J. Mongeluzzi (collectively, "Defendants") retaliated against Plaintiff in violation of the Fair Labor Standards Act ("FLSA") (Count II).  As the Court recognized, Plaintiff failed to allege that she suffered an adverse employment action.  Dkt. 17.  Plaintiff's Second Amended Complaint suffers from the same fatal flaw.

Plaintiff's retaliation claim hinges on three sentences attributed to Mr. Mongeluzzi (SMB's Founding Shareholder) in a *Legal Intelligence* article about this lawsuit:

> **According to Mongeluzzi, Purvenas-Hayes' July 2021 departure came just two weeks before the firm's deadline for employees to receive their firm-mandated COVID-19 vaccinations. He said she left because she did not wish to receive the shot and that she was one of two employees in the approximately 100-person firm not to comply.**
>
> **Mongeluzzi said the case is an instance of a disgruntled employee suing over unfounded claims.**

*See* Article, Ex. A;[1] Second Am. Compl. ¶ 40.  Plaintiff argues that these alleged statements (hereinafter referred to as the "*Intelligencer* Statements" or "Statements") amount to actionable retaliation because, she speculates, the published comments may have diminished her job prospects with several potential employers who declined to hire her.  She is wrong.

---

[1] Although Plaintiff did not attach the article to her Amended Complaint, the article is integral to and relied upon by the Amended Complaint and, therefore, the Court may consider the article's actual text—not Plaintiff's mischaracterization of it—in adjudicating this Motion to Dismiss. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." (citation omitted)).

Plaintiff's FLSA retaliation claim fails for two independent reasons.  First, the Second Amended Complaint fails to establish any plausible link between the *Intelligencer* Statements and the rejection of several job applications.  In fact, at the October 6, 2022 hearing on Defendant's Partial Motion to Dismiss the First Amended Complaint, Plaintiff's counsel represented that Plaintiff was employed when the Statements were made and ***remains employed in the same position today***, thus foreclosing any argument that the Statements adversely impacted Plaintiff's actual employment.  Dkt. 23 at 23:9-15.   While Plaintiff alleges that she submitted a number of employment applications between January 2022 and September 2022 and that she was either not selected for the positions or did not hear back regarding her applications, she does not offer any basis to believe that those employers were even aware of the published comments, much less motivated by them.  Therefore, the Statements do not constitute an adverse employment action.

Second, Plaintiff fails to allege that the Statements would have dissuaded a reasonable person from pursuing an FLSA claim.  Indeed, Plaintiff continued to pursue (and added to) her FLSA claim ***after*** the Statements were published.  For these reasons, and as discussed in detail below, Count II of the Second Amended Complaint should be dismissed with prejudice.

## II.    RELEVANT FACTUAL ALLEGATIONS[2]

Plaintiff was hired by Defendant SMB as a paralegal in January 2012.  Second Am. Compl. ¶ 15.  On March 16, 2020, Plaintiff and other SMB employees began to work from home due to the COVID-19 pandemic.  Id. ¶ 23.  Plaintiff alleges that she "worked a substantial amount of overtime but was only paid for her overtime occasionally" after she began working

---

[2] Defendants dispute many of the factual allegations in the Amended Complaint but, for purposes of this Motion only, treat them as true.  See Fed. R. Civ. P. 12(b)(6).

2

from home.[3]  On July 29, 2021, Plaintiff resigned from her employment at SMB.  Id. ¶ 34.  She

filed this lawsuit on June 9, 2022, alleging that Defendant SMB failed to pay her overtime

compensation in violation of the FLSA and the Pennsylvania Minimum Wage Act and failed to

pay her wages under the Pennsylvania Wage Payment and Collection Law.  Dkt. 1.

On June 13, 2022, the *Intelligencer* published an article about Plaintiff's Complaint.  See

id. ¶ 38.  The article attributed the above-quoted *Intelligencer* Statements (*see supra*,

Introduction) to Mr. Mongeluzzi.  Id. ¶¶ 38-40.  Plaintiff then filed the First Amended Complaint

on August 1, 2022, adding Mr. Mongeluzzi as a defendant and asserting two new causes of

action for retaliation in violation of the FLSA and invasion of privacy under Pennsylvania law.

Dkt. 8.

Defendants filed a motion to dismiss  Plaintiffs' FLSA retaliation and invasion of privacy

claims.  Dkt. 12.  After hearing oral argument, the Court dismissed those claims without

prejudice and granted Plaintiff leave to amend her complaint for a second time.  Dkt. 17.

Plaintiff filed her Second Amended Complaint on November 7, 2022.  Dkt. 25.[4]  The new

allegations in the Second Amended Complaint are that (a) the *Intelligencer* article appears when

one "Googles" Plaintiff's name (see id. ¶¶ 47-50) and (b) Plaintiff applied for and was rejected

from a series of positions from May to September 2022 (see id. ¶¶ 51-66).  Plaintiff does not

allege that any of the organizations to which she applied told her that the reason she did not get

the job was because of the *Intelligencer* article, nor did those potential employers even indicate

---

[3] Plaintiff admits that she was compensated for all overtime hours worked prior to March 16, 2020.  Second Am. Compl. ¶ 22.  Her overtime claims relate only to overtime hours she allegedly worked after March 16, 2020 until her resignation.

[4] The Second Amended Complaint does not include a cause of action for invasion of privacy; Plaintiff has therefore waived the right to further pursue such a claim.

that they had read the article.  See generally id.  Nor does Plaintiff allege what the required

qualifications for any of the jobs were or that she met those qualifications.  See generally id.  Her

attempt to connect the rejections with the article is pure speculation.

## III.    ARGUMENT

### A.    Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule")

12(b)(6), Plaintiff must set forth "enough facts to state a claim [for] relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citing Twombly, 550 U.S. at 556).  Where a complaint merely alleges entitlement to

relief, but does not allege facts showing entitlement, it must be dismissed.  See Fowler v. UPMC

Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  In deciding a motion to dismiss, a court "need not

assume that a . . . plaintiff can prove facts that . . . plaintiff has not alleged." Klein v. Pike Cnty.

Comm'rs, No. 11-278, 2011 WL 6097734, at *2 (M.D. Pa. Dec. 6, 2011).

### B.    Plaintiff Fails to  Allege an Actionable Adverse Action as Required to State a Retaliation Claim Under the FLSA.

In pleading an FLSA retaliation claim, Plaintiff must allege *facts* showing that  "the

employer took an adverse employment action against" her.  See Jones v. Amerihealth Caritas, 95

F. Supp. 3d 807, 814 (E.D. Pa. 2015); 29 U.S.C. § 215(a)(3).  "[R]etaliatory conduct rises to the

level of a materially adverse action under the FLSA *if the conduct alters* the employee's

compensation, terms, conditions or privileges of employment, deprives him or her of

employment opportunities, or adversely affects his or her status as an employee." Lowery v.

Yoram Koby & JYK, Inc., No. 11-cv-5088, 2016 WL 324948, at *4 (D.N.J. Jan. 26, 2016)

(emphasis added).  See also Wildi v. Alle-Kiski Med. Ctr., 659 F. Supp. 2d 640, 665 (W.D. Pa. 2009), order vacated in part on reconsideration, 2009 WL 10729564 (W.D. Pa. Nov. 6, 2009) (same); Goins v. Newark Hous. Auth., No. 15-cv-2195, 2019 WL 1417850, at *15 (D.N.J. Mar. 29, 2019), on reconsideration in part, 2019 WL 6769266 (D.N.J. Dec. 11, 2019) (same).  Where, as here a former employee asserts a claim of alleged retaliation arising out of post-employment conduct, she may do so only if "*the retaliation affected* the plaintiff's future employment opportunities."  Dean v. Phila. Gas Works, No. CV 19-4266, 2021 WL 2661485, at *7 (E.D. Pa. June 28, 2021) (emphasis added).  See also Downs v. Anapol Schwartz, P.C., No. 14-cv-630, 2015 WL 4770711, at *11 (E.D. Pa. Aug. 12, 2015) ("In a post-employment retaliation context, where a former employee files a retaliation action against a previous employer, a former employer engages in retaliation where *its action results in* discharge from a later job, a refusal to hire the plaintiff, other professional or occupational harm . . . that is, some harm to an employee's employment opportunities." (alterations omitted) (emphasis added)).  Plaintiff has once again failed to transform the Statements into actionable conduct under the FLSA.

*First*, Plaintiff has failed to allege facts showing that the *Intelligencer* Statements impacted her current or future employment.  Nor could she.[5]

---

[5] During the October 6, 2022 hearing on Defendant's Partial Motion to Dismiss the First Amended Complaint, Plaintiff's counsel represented that Plaintiff was employed when the statements were made and that Plaintiff *remains* employed *today*.  Dkt. 23 at 23:9-15. Moreover, her counsel *admitted* that the *Intelligencer* Statements had no impact on her employment prospects.

> THE COURT: -- so far, as we stand here today, how has she been adversely affected by the statement?
> MR. ELY: So far, it's upset her greatly.
> THE COURT: Okay.
> MR. ELY: And I think that's sufficient.
> THE COURT: But not employment-wise? I mean –

Although Plaintiff alleges that she applied for various positions between January 2022 and September 2022 and either did not receive the positions or did not hear back from the prospective employers, she has failed to identify any plausible connection between the *Intelligencer* Statements and her unsuccessful applications.  *See* Second Am. Compl. ¶¶ 51-66. There are myriad potential reasons why Plaintiff may not have been selected for these positions—a change in hiring needs, a change in hiring resources, the alternative selection of a more favored candidate, a lack of qualification—and Plaintiff does not plausibly allege that any of them had anything to do with Defendants or the *Intelligencer* Statements.  She attempts to connect her unsuccessful applications and the Statements by injecting her own guesswork in lieu of factual averments.  She "believes . . . she was rejected for some or all of the foregoing positions because [the *Intelligencer* Statements] were located through online searches or otherwise and read by the employers concerned."  Id. ¶ 67. This pure speculation is not sufficient to withstand a motion to dismiss.  See Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) ("To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level[.]'") (quoting Twombly, 550 U.S. at 555.[6]

---

MR. ELY: Not employment-wise –
THE COURT: -- she had a job.
MR. ELY: -- at this point.
THE COURT: She doesn't know of anybody who refused to hire her or pay her –
MR. ELY: No.
THE COURT: -- more money –
MR. ELY: No.

[6] Plaintiff also alleges that she interviewed for a position on May 4, 2022 before a panel that included the wife of an SMB partner.  Second Am. Compl. ¶¶ 51-52.  Plaintiff alleges no connection between the SMB partner (who is not named as a defendant in this litigation or otherwise mentioned in Plaintiff's Second Amended Complaint) or his wife and the *Intelligencer*

Without any plausibly alleged connection to her unsuccessful applications, the *Intelligencer* Statements are not an adverse employment action and Plaintiff's FLSA retaliation claim fails.[7] See McIntyre v. Cty. of Delaware, No. 18-cv-5066, 2019 WL 3934914, at *4 (E.D. Pa. Aug. 19, 2019) (granting motion to dismiss Title VII retaliation claim where plaintiffs "have not alleged any facts connecting [the alleged post-employment adverse actions] to any future employment opportunity"); Jaludi v. Citigroup, No. 3:15-cv-2076, 2020 WL 7075245, at *3 (M.D. Pa. Dec. 3, 2020) (granting motion to dismiss retaliation claim under Sarbanes-Oxley Act where allegations that plaintiff applied for a position through a headhunter but did not receive any update on his application were insufficient to state a claim of retaliation, as there was "nothing in the plaintiff's allegations that would indicate that the defendant was at all connected to the headhunter or that the defendant had anything to do with the headhunter's failure to respond to the plaintiff's inquiries regarding his application");[8] Hemby-Grubb v. Ind. Univ. of

_____

Statements.  Nor does she allege any connection between this interview (which pre-dated the *Intelligencer* Statements) and the Statements.

[7] Plaintiff's conclusory allegation that the *Intelligencer* Statements caused her "significant embarrassment and pain and suffering" is not connected in any way to her employment prospects and thus does not save her retaliation claim.  Second Am. Compl. ¶ 43.  See Wilson v. City of Wilmington, No. 13-cv-1390, 2015 WL 4571554, at *6 (D. Del. July 29, 2015) (employer's conduct was not an adverse action because, while the plaintiff "may have been embarrassed and humiliated[,] [her] feelings are not materially adverse employment actions"); Dean, 2021 WL 2661485, at *12 (no adverse action based on post-termination events where the plaintiff "d[id] not claim, and the evidence d[id] not demonstrate, that any of the [alleged post-termination events] affected his future employment opportunities," noting that the plaintiff "cannot succeed on his post-termination retaliation claims merely by relying on events that upset him").

[8] Courts analyze the adverse employment action element consistently across FLSA, Title VII, and Sarbanes-Oxley Act claims.  See Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 939 (3d Cir. 2003) (applying the elements of a prima facie case of retaliation under Title VII to an FLSA retaliation claim); Darveau v. Detecon, Inc., 515 F.3d 334, 342 (4th Cir. 2008) (looking to Title VII case law to analyze the adverse action element of an FLSA claim, finding "no significant differences in either the language or intent of the two statutes regarding the type

Pa., No. 2:06-cv-1307, 2008 WL 4372937, at *9 (W.D. Pa. Sept. 22, 2008) (alleged "inaccurate

and derogatory" emails that did not "threaten[] disciplinary action, or any adverse consequences

in any way" were not materially adverse); Blutreich v. N. Shore-Long Island Jewish Health Sys.,

Inc., No. 13-CV-8583, 2015 WL 1515255, at *4-5 (S.D.N.Y. Apr. 2, 2015) (plaintiff failed to

state a Title VII retaliation claim where she alleged that defendant provided certain statements to

plaintiff's "reference checker," but "fail[ed] to make any non-conclusory factual allegations that

[d]efendants made similar statements to actual prospective employers of Plaintiff," finding

insufficient the plaintiff's allegation that there was "no other explanation" for her failure to

obtain other employment); Hicks v. Lee Cty. Sch. Dist., No. 2:15-cv-254, 2015 WL 2450495, at

*3 (M.D. Fla. May 21, 2015) (dismissing retaliation claim where the plaintiff failed to allege that

comments about her and her discrimination claims made during a televised meeting "actually

worked a serious and material change in the terms and conditions of her current or prospective

employment").[9]

---

of adverse action their retaliation provisions prohibit"); Allen v. Admin. Review Bd., 514 F.3d
468, 476 n.2 (5th Cir. 2008) (applying the Title VII adverse employment action standard to a
Sarbanes Oxley retaliation claim).

[9] See also Kling v. Univ. of Pittsburgh Med. Ctr., No. 2:18-cv-013868, 2021 WL 2882442, at *7
(W.D. Pa. July 9, 2021) (alleged negative reference letter to prospective employer did not
constitute an adverse action where there was no evidence that it impacted the plaintiff's future
employment); Chinoy v. Pa. State Univ., No. 11-cv-1263-, 2013 WL 6631536, at *9 (M.D. Pa.
Dec. 17, 2013) (granting summary judgment in favor of defendant on plaintiff's retaliation claim
where there was no evidence that the defendants actually communicated any negative
information to the plaintiff's prospective employers, even though the plaintiff did not receive the
positions she applied for after the prospective employers spoke to the defendants); Sarno v.
Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999) ("Where . . . there is no
admissible evidence that the statements of a former employer caused or contributed to the
rejection by the prospective employer, the plaintiff has failed to present a prima facie case [of
retaliation under the Americans with Disabilities Act]."); Bailey v. USX Corp., 850 F.2d 1506,
1508 (11th Cir. 1988) (concluding that the plaintiff failed to establish a Title VII retaliation claim
where he failed to prove that a prospective employer's failure to hire him was causally related to
a negative reference by his former employer).

**Second**, even if she had alleged that the *Intelligencer* Statements affected her current or future employment, Plaintiff has not alleged—and could not plausibly allege—that such statements would have dissuaded a reasonable person from pursuing an FLSA claim.  See Burlington Northern & Santa Fe Ry. Co., 548 U.S. 53, 57 (2006).  Plaintiff seems to have had no difficulty filing the Amended Complaint, adding Mr. Mongeluzzi as a defendant and asserting an additional FLSA cause of action against the Defendants.  It therefore defies logic to argue that the comments at issue dissuaded her or anyone else from pursuing an FLSA claim.  See Wilson, 2015 WL 4571554, at *4 ("[D]espite what Wilson considers adverse employment actions, those actions did not dissuade him from filing a second charge of discrimination in November 2012— following the [alleged adverse action] in October 2012."); Sykes v. Pa. State Police, No. 05-1349, 2007 WL 141064, at *6-7 (W.D. Pa. Jan. 17, 2007) (employer's conduct was not actionable because it "did not deter [the plaintiff's] pursuit of new and expanded allegations of discrimination" and therefore "belie[d] any argument she might make that a reasonable person confronted with the 'adverse employment actions' . . . would have been dissuaded from voicing additional allegations of discrimination"); Rubano v. Farrell Area Sch. Dist., 991 F. Supp. 2d 678, 708 (W.D. Pa. 2014) (finding no adverse action where the conduct at issue "did not deter [the plaintiff] from filing a subsequent EEOC charge"); Baird v. Outlook Pointe, No. 4:07-cv-1580, 2008 WL 4287382, at *11 (M.D. Pa. Sept. 17, 2008) (finding it "relevant and telling" that alleged adverse actions did not dissuade the plaintiff from engaging in further protected activity).

Plaintiff's FLSA retaliation claim, therefore, should be dismissed.

IV.    **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's Second Amended Complaint fails to state claims for retaliation under the FLSA (Count II).  The Court should therefore dismiss Count II of the Second Amended Complaint with prejudice.

Dated: November 21, 2022

*/s/ Michael L. Banks*
Michael L. Banks (PA ID 35052)
Benjamin K. Jacobs (PA ID 315984)
MORGAN LEWIS BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel: 215.963.5000
Fax: 215.963.5001
Email: michael.banks@morganlewis.com
benjamin.jacobs@morganlewis.com

*Counsel for Defendants Saltz Mongeluzzi &*
*Bendesky P.C. and Robert J. Mongeluzzi*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 21, 2022, a copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to the attorneys of record.

*/s/ Michael L. Banks*
Michael L. Banks
