IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESIREE PURVENAS-HAYES | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | No. 2:22-cv-02277-ER |
| v. | : | |
| | : | |
| SALTZ, MONGELUZZI & BENDESKY, P.C. | : | |
| and ROBERT J. MONGELUZZI, ESQUIRE | : | |
| | : | |
| *Defendants.* | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
HER SECOND AMENDED COMPLAINT**

Plaintiff, by and through the undersigned counsel, hereby avers as follows:

## I.  Introduction

Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (ECF no. 26) is currently before the Court for disposition. Defendants' Motion seeks (without basis) to dismiss Count II of the Second Amended Complaint (asserting a claim of FSLA retaliation). For the reasons set forth herein, the Motion should be denied.

## II.  Procedural History

Plaintiff filed a Civil Action Complaint on June 7, 2022 asserting claims for unpaid overtime compensation under the Fair Labor Standards Act. *See* ECF No. 1. On or about June 12 or June 13, 2022,[1] Defendant Robert Mongeluzzi made statements regarding Plaintiff and the instant action to the Philadelphia *Legal Intelligencer* (a Philadelphia legal newspaper read by over 14,000 members of the legal community daily). In his statement to the *Legal Intelligencer,* Defendant Mongeluzzi publicly disclosed confidential medical information related to Plaintiff and revealed that she had not

---

[1] The statements were published on June 13 but may have been made on June 12.

1

been vaccinated against the COVID-19 virus. Plaintiff filed an amended complaint on August 1, 2022 (*see* ECF No. 8) asserting two new causes of action for retaliation in violation of the FLSA and invasion of privacy under Pennsylvania law. Defendants filed a motion to dismiss Plaintiff's FLSA retaliation and invasion of privacy claims. ECF No. 12. After hearing oral argument, the Court dismissed those claims without prejudice and granted Plaintiff leave to amend her complaint. ECF No. 17. Plaintiff filed her Second Amended Complaint on November 7, 2022. *See* ECF No. 25. Defendants then filed a second motion to dismiss (ECF No. 26) alleging that she had not pleaded an adverse employment action and that Count II of the Second Amended Complaint should therefore be dismissed.

### III.    Statement of Pertinent Facts

Defendants' Brief does not provide a detailed recitation of the facts pleaded in the Second Amended Complaint. *See* ECF No. 26-1, pp. 2 and 3. It barely discusses any facts at all. Rather, it deals with the facts pleaded by Plaintiff only in cursory form. There is good reason why. Plaintiff has easily pleaded sufficient facts to satisfy the *Twombly/Iqbal* pleading standard as to her FLSA retaliation claim. She will address the facts relevant to Count II of the Second Amended Complaint in detail herein.

Plaintiff filed the instant civil action on June 7, 2022. *See* Plaintiff's Second Amended Complaint (2nd Am. Compl"), ¶ 37. On or about June 12 or June 13, 2022, Defendant Robert Mongeluzzi made statements regarding Plaintiff and the instant action to the Philadelphia *Legal Intelligencer* (a Philadelphia legal newspaper read by over 14,000 members of the legal community daily). 2nd Am. Compl, ¶ 38. In his statement to the *Legal Intelligencer,* Defendant Mongeluzzi publicly disclosed confidential medical information related to Plaintiff. 2nd Am. Compl, ¶ 39.

Specifically, Defendant Mongeluzzi stated that Plaintiff was not vaccinated against the COVID-19 virus, was one of two employees at Defendant Law Firm who allegedly refused the vaccination, was "disgruntled," and had made "unfounded" claims against Defendants. 2nd Am.

Compl, ¶ 40.  Plaintiff's COVID-19 vaccination status was confidential medical information under the Americans with Disabilities Act.  2nd Am. Compl, ¶ 41.  Defendant Mongeluzzi knew or should have known that Plaintiff's vaccination status was confidential medical information since he is a practicing attorney and the managing partner of a large law firm.  2nd Am. Compl, ¶ 42.  The *Legal Intelligencer* reported the foregoing statements to the Philadelphia legal community on June 13, 2022, causing significant embarrassment and pain and suffering to Plaintiff (as Defendant Mongeluzzi intended). 2nd Am. Compl, ¶ 44.  The foregoing disclosure was also made in retaliation for Plaintiff's filing of the instant civil action to assert her rights under the Fair Labor Standards Act. 2nd Am. Compl, ¶ 45.

   a. *Plaintiff's Job Applications and Rejections.*

"Google", an internet search engine owned by Alphabet, Inc., controls over 90% of the internet search market share. 2nd Am. Compl, ¶ 47.  As of the date of the Second Amended Complaint, a "Google" internet search of Plaintiff's name produces the *Legal Intelligencer* article in which Defendants made their retaliatory statements regarding Plaintiff on the first page of search results. 2nd Am. Compl, ¶ 48.  The article in question appears in the top three search results and can be clicked on and read as a "free" article by persons who do not subscribe to the *Legal Intelligencer*. 2nd Am. Compl, ¶ 49.  While estimates vary, between 66% and 80% of employers are believed to utilize "Google" searches to research job candidates.  2nd Am. Compl, ¶ 50.

   i.   The United States Attorneys' Office Position

On May 4, 2022, Plaintiff was interviewed for a Paralegal Specialist Position in the Asset Recovery and Financial Litigation Unit of the United States Attorneys' Office for the Eastern District of Pennsylvania. 2nd Am. Compl, ¶ 50.  The interview panel included Lauren Baer, Esquire (the wife of Benjamin J. Baer, a partner in the Defendant Law Firm). 2nd Am. Compl, ¶ 52. On July 14, 2022, Plaintiff received an email advising that another candidate was chosen for the foregoing position. 2nd Am. Compl, ¶ 53.  However, on July 14, 2022 (and as of the date of this filing), the

"USAJOBS.com" website indicated that the position was still listed and that applications are being reviewed. 2nd Am. Compl, ¶ 54.

    ii.    The Boeing Position

On June 14, 2022, Plaintiff applied for a mid-level paralegal position at The Boeing Company. 2nd Am. Compl, ¶ 55. On September 26, 2022, Plaintiff was interviewed for the foregoing position. 2nd Am. Compl, ¶ 56. On September 27, 2022, Plaintiff was asked to provide a writing sample, and did so on September 29, 2022. 2nd Am. Compl, ¶ 57. On October 24, 2022 and again on October 28, 2022, Plaintiff sent emails following up on the interview process. 2nd Am. Compl, ¶ 58. As of the date of this Second Amended Complaint, Plaintiff had not heard back from Boeing and had not had a response to her October emails. 2nd Am. Compl, ¶ 59.

    iii.    The New Jersey Court Positions

Plaintiff applied for an Administrative Specialist 2 position with the New Jersey Courts on July 20, 2022 and was rejected for same on September 28, 2022. 2nd Am. Compl, ¶ 60. She applied for a Court Services Supervisor 2 position with the New Jersey Courts on June 23, 2022 and was rejected for same on September 29, 2022. 2nd Am. Compl, ¶ 61. She applied for a Court Services Officer 2 position with the New Jersey Courts on March 17, 2022 and was rejected for same on October 4, 2022. 2nd Am. Compl, ¶ 62. She applied for a Vicinage Assistant Chief Probation Officer position with the New Jersey Courts on August 9, 2022 and was rejected for same on October 11, 2022. 2nd Am. Compl, ¶ 63.

    iv.    The CNA Talent Acquisition Position

Plaintiff was invited to apply for a Law Office Supervisor position by CNA Talent Acquisition on October 9, 2022 and was rejected for the foregoing position on October 11, 2022. 2nd Am. Compl, ¶ 64.

      v.      The DRPA Position

Plaintiff applied for a paralegal position with the Delaware River Port Authority on January 30, 2022 and was rejected for the foregoing position on July 15, 2022. 2nd Am. Compl, ¶ 65.

      vi.      The IGH/Cooper Position

Plaintiff was invited to apply for a paralegal position at Cooper Health by Insight Global Health (IGH) on September 21, 2022 and has heard nothing back as of the date of this filing. 2nd Am. Compl, ¶ 66.

Plaintiff believes and therefore avers that she was rejected for some or all of the foregoing positions because Defendants' statements regarding her (*see* paragraphs 38-40 and paragraph 43 of the Second Amended Complaint, *supra*) were located through online searches or otherwise and read by the employers concerned. 2nd Am. Compl, ¶ 67.

Defendants' public disclosure of Plaintiff's confidential medical information and their other statements as aforesaid were made deliberately and in retaliation for Plaintiff's filing of the instant action and other protected activity under the FLSA. 2nd Am. Compl, ¶ 81. The aforesaid disclosure of Plaintiff's confidential medical information and the other statements made by Defendants as aforesaid constituted "adverse action" against Plaintiff. *See* United States Department of Labor Wage and Hour Division Field Assistance Bulletin No. 2022-02 (March 10, 2022)(noting that adverse action can take "many forms" not directly related to employment or wages and may often be "subtle"). 2nd Am. Compl, ¶ 82.

The temporal proximity between Plaintiff's protected activity (on June 7, 2022) and the wrongful actions of Defendants (on June 12 or June 13 of 2022), combined with the fact that they discussed Plaintiff's confidential medical information while making statements directly about her protected activity, demonstrates the required causal connection between Plaintiff's protected activity and the retaliatory actions of Defendants. 2nd Am. Compl, ¶ 83.

Upon information and belief, Defendants' statements as aforesaid constituted an adverse employment action in that they deprived Plaintiff of employment opportunities, including but not limited to the opportunities outlined *supra.* 2nd Am. Compl, ¶ 84. As a result of the foregoing retaliation, Plaintiff also suffered other damages, including significant embarrassment, distress, reputational harm, and pain and suffering, and will continue to suffer such damages in the future. 2nd Am. Compl, ¶ 85.

**IV.  Argument**

Defendants' Motion to Dismiss Count II of Plaintiff's Second Amended Complaint is without merit and should be denied.

    a.  The Motion to Dismiss Standard Under Rule 12, Twombly, and Iqbal.

In deciding the merits of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he court [must] accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *See Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).

Under the United States Supreme Court's oft - cited decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only if the averments of the complaint fail to plausibly raise (either directly or inferentially) the material elements necessary for relief under a viable legal theory of recovery. *Id.* at 544. The allegations of the complaint must be grounded in enough factual basis to move the claim from the realm of a mere "possibility" by asserting a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal, supra,* 129 S. Ct. at 1949.

As the Supreme Court stated in *Twombly, supra,* a complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant

evidence' to support the claim." *Twombly, supra,* 550 U.S. at 563 n. 8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975)).

The foregoing requirements should not to be interpreted as imposing a "probability" standard at the pleading stage. *See Iqbal, supra,* 129 S. Ct. at 1949 ("[t]he plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (same).

"The Supreme Court's *Twombly* formulation . . . can be summed up thus: `stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element . . . [and provide] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips, supra,* 515 F.3d at 235; *see also Wilkerson v. New Media Technology Charter School Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (a complaint must only state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.")(quoting *Phillips,* 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 563.

> b. Count II of Plaintiff's Second Amended Complaint (FLSA Retaliation) Satisfies the Twombly/Iqbal Standard.

Under the FLSA, it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). This provision "must not be interpreted or applied in a narrow, grudging manner." *Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir. 1987) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S. Ct. 698, 88 L. Ed. 949 (1944)). The Third Circuit Court of Appeals has noted that "[i]t follows that courts interpreting the anti-retaliation provision have looked to its animating spirit in applying it to activities that might not have been explicitly covered by the language." *Id.*

7

To state a claim for FLSA retaliation, plaintiff must "plead[] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence . . . [that] the employer took an adverse employment action against [him or her]." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (discussing the pleading standard for Title VII retaliation claims); *see also Shakib v. Back Bay Rest. Grp., Inc.*, Civ. A. No. 10-4564 (DMC), 2011 U.S. Dist. LEXIS 112614, 2011 WL 4594654, at *7 (D.N.J. Sept. 30, 2011) (applying the same standard to FLSA retaliation claims).

An adverse employment action "covers . . . employer actions that would have been materially adverse to a reasonable employee or job applicant." *Burlington N & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (discussing Title VII retaliation provision). In the context of *Burlington*, this means "that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.*; *see also Stewart v. Pemberton Twp.*, Civ. A. No. 14-6810 (RBK)(AMD), 2015 U.S. Dist. LEXIS 116669, 2015 WL 5164717, at *4 (D.N.J. Sept. 2, 2015) (applying *Burlington* standard to FLSA retaliation claim).

Defendants' prior motion to dismiss Count II argued that Plaintiff failed to allege lost employment opportunities. As Defendants argued in their Brief in support of their prior motion, "[r]etaliatory conduct rises to the level of a materially adverse action under the FLSA if the conduct alters the employee's compensation, terms, conditions or privileges of employment, *deprives him or her of employment opportunities,* or adversely affects his or her status as an employee." *See* ECF No. 12-1, pp. 3-4. (citing *Lowery v.Yoram Koby & JYK, Inc.,* No. 11-cv-5088, 2016 WL 324948, at *4 (D.N.J. Jan. 26, 2016))(emphasis added).

That is no longer an issue here. The Second Amended Complaint provides more than sufficient factual detail to raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Connelly, supra,* 809 F.3d at 789; *Twombly, supra,* 550 U.S. at 563. The Second Amended Complaint provides numerous instances of lost employment opportunities, and

this is more than sufficient to raise the required "reasonably founded" expectation that discovery will reveal evidence to support the retaliation claim. Moreover, contrary to Defendants' contentions, the fact Plaintiff was already employed does not foreclose her from losing *opportunities* she sought with other employers and they cite no authority supporting that proposition.

As they did in their prior motion to dismiss, Defendants are attempting to hold Plaintiff's pleading to an *evidentiary* standard, and not a *pleading* standard.  Plaintiff is not required to establish all the elements of her claim in her pleading, but rather need only put forth allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *See Graff v. Subbiah Cardiology Associates, Ltd*. No. 08-207, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008).  She has obviously done that here.

> In *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (2009), the Court noted that:
>
> Even post-*Twombly*, it has been noted that a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *See Graff v. Subbiah Cardiology Associates, Ltd*. No. 08-207, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008) citing *Phillips*, 515 F.3d at 234. Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213, 2009 U.S. App. LEXIS 18626, *24-26.

Defendants also contend (again) that the mere fact that Plaintiff filed her First Amended Complaint must indicate that their conduct could not have dissuaded her from engaging in protected activity under the FLSA.  As Plaintiff has previously argued, this contention defies logic.  If this were the standard, *any* Plaintiff who filed an FLSA retaliation case could have their claims dismissed on this basis.  Moreover, the instant case is easily distinguishable from the authorities Defendants have cited to support their contention that Plaintiff's Amended Complaint indicates she was not "dissuaded."  First, Plaintiff had *already* engaged in FLSA-protected activity by filing her original complaint (on June 7, 2022), *before* the statements at issue were ever made.  Her amended complaint was filed to address only the retaliation Defendants engaged in *after* her initial complaint.  Second, there are sufficient averments

in the Second Amended Complaint to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *See Graff v. Subbiah Cardiology Associates, Ltd*. No. 08-207, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008). Defendants are again attempting to hold Plaintiff's Amended Complaint to an *evidentiary* standard – not a *pleading* standard. *Fowler* makes it clear this is simply improper.

Plaintiff has pleaded sufficient facts to demonstrate that (given the prevalence of "Google" searches by employers, and the fact that the statements of Defendants appear prominently when her name is entered into the "Google" search engine) it is probable one or more of her job application rejections were the result of those statements being located and read. Plaintiff has identified the specific applications at issue in detail. No more is required under *Twombly* and *Iqbal, supra.* Plaintiff has "raise[d] a reasonable expectation that discovery will reveal evidence of the necessary element[s]" Defendants baselessly claim are lacking. *See Graff v. Subbiah Cardiology Associates, Ltd.*, *supra.*

Defendants' Motion to Dismiss Count II of the Second Amended Complaint should be denied.

   c. *Leave to Amend*

Although Plaintiff respectfully submits that Count II of the Amended Complaint is more than sufficient to satisfy the *Twombly-Iqbal* pleading standard and that Defendants have improperly relied on an overly - strict "evidentiary" standard in attacking those counts, *see Fowler, supra,* Plaintiff respectfully requests permission to amend her Complaint again if the Court deems it necessary. The Third Circuit Court of Appeals has noted that "[w]e have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002) (citing *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir.2000)).

   **V.**   **Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Count II of the Second

Amended Complaint should be denied.

                                                   S/ Wayne A. Ely
                                                   Wayne A. Ely, Esquire
                                                   Counsel for Plaintiff
                                                   225 Lincoln Highway
                                                   Building A, Suite 150
                                                   Fairless Hills, PA 19030
                                                   (215) 801-7979

December 5, 2022