## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES<br><br>Plaintiff,<br><br>v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.<br><br>and<br><br>ROBERT J. MONGELUZZI<br><br>Defendants. | Civil Action No. 2:22-cv-02277 |

### [PROPOSED] JOINT STIPULATION OF CONFIDENTIALITY
### AND PROTECTIVE ORDER

Desiree Purvenas-Hayes ("Plaintiff") and Defendants Saltz Mongeluzzi & Bendesky P.C. and Robert J. Mongeluzzi (collectively, "Defendants"), by their undersigned counsel, hereby agree as follows:

1.      The court may order disclosure of any subject covered by this stipulation or modify this stipulation at any time in the interest of justice.

2.      This Stipulation of Confidentiality and Proposed Protective Order (the "Order") shall govern the use and disclosure of all "Discovery Materials," which are created or produced in connection with the above-captioned action.  For purposes of this Order, "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-

1

party participating in this litigation, whether or not pursuant to a subpoena; all information

contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

3.      Plaintiff and Defendants shall have the right to limit access to any Discovery

Materials, if such materials are reasonably believed to include "Confidential Information."  For

purposes of this Order, "Confidential Information" means any type or classification of non-public

information within Discovery Materials, which is designated as "CONFIDENTIAL" by counsel

for the parties that contains or relates to the following information: (a) Defendants' current or

former personnel's pay and benefits information; (b) information relating to Defendants' current

or former clients, including but not limited to attorney-client privileged and work product

material; and (c) such other sensitive, personal, proprietary, financial, or business information or

data that the producing party has "good cause" to believe that they should be afforded

confidential treatment.  *See Dobson v. Milton Hershey School*, 434 F. Supp. 3d 224, 233 (M.D.

Pa. 2020) (citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).   In

determining whether "good cause" exists, the designating party shall remain mindful that

"'[b]road allegations of harm, unsubstantiated by specific example or articulated reasoning' are

insufficient," *id.* (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986),

and shall carefully consider the Third Circuit's *Pansy* factors, *see id.* (describing seven factors

from *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994)).

4.      If any Discovery Materials include Confidential Information (the "Confidential

Discovery Materials"), such documents or other tangible items must be designated by

conspicuously marking the word "CONFIDENTIAL" on each page of the designated material or

by notifying the other party in writing of the material to be considered so designated.   With

regard to deposition testimony, a party may designate portions of the record "CONFIDENTIAL"

2

by notifying the other party on the record at the deposition or in writing within 30 days after the deposition (all deposition material shall be treated as "Confidential" during that 30-day window).

5.     Confidential Discovery Materials shall not be used for any purpose other than this litigation and shall not be disclosed or disseminated to anyone, except:

(a)     a party, inside and outside counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

(b)     any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no Confidential Discovery Materials shall be knowingly disseminated to any expert who is employed by a direct business competitor of Defendants;

(c)     any vendors retained by the parties for the purposes of this lawsuit;

(d)     any person who was involved in the preparation of the document or information;

(e)     any other person, entity, or firm with the prior written consent of all parties;

(f)     the Court and its support personnel, a jury at any trial on the matter, and/or any person that the Court may order;

(g)     any mediator or arbitrator engaged by the parties or appointed by the Court in this matter;

(h)     Court reporters; or

(i)     Deponents during the course of their depositions or potential deponents or witnesses of this case during communications with the parties' inside or outside counsel; however, deponents may only be shown Plaintiff's medical records during a deposition if they had access to his medical records prior to the deposition and in the normal course of their work or if Plaintiff consents to the witness being shown the medical records.

6.     Any party that provides Confidential Discovery Materials obtained from the other party in the course of this litigation to any person (other than the parties; inside and outside counsel for the parties; Court reporters; any deponent; the Court, court personnel, and court reporters) will first obtain from such person, prior to any such dissemination, a written statement in

3

the format attached as Exhibit "A" hereto, that such person agrees to be bound by this Order.  The undersigned counsel for each party shall maintain a list of all such persons along with the written agreement of each person.

7.     Each person who has access to Confidential Discovery Materials must take all due precautions to prevent the unauthorized or inadvertent disclosure of such materials.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Discovery Materials to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose Confidential Discovery Materials were inadvertently disclosed.  If a party has actual knowledge that Confidential Discovery Materials are being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose Confidential Discovery Materials are being used or possessed.

8.     Prior to filing any Confidential Discovery Materials with the clerk of the court, the parties shall either redact such information upon filing or request that such documents, or portions thereof, be filed and maintained under seal of the United States District Court for the Eastern District of Pennsylvania.

9.     Nothing in this Order shall preclude any party from challenging a designation of Discovery Materials as Confidential Discovery Materials by another party through the manner described herein:

      (a)     Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the Discovery Materials in question and shall state the grounds for objection.  Counsel for the designating party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the Discovery Materials are

property designated as Confidential Discovery Materials.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court by telephone or letter, or if required, by filing a formal motion for an order regarding the challenged designation.  The Discovery Materials that are the subject of the filing shall be treated as originally designated pending resolution of the dispute.

(c)     If the challenge is not resolved by agreement, or by voluntary removal, then the designation shall remain in effect and shall continue to apply to such document or information unless or until the Court rules to the contrary.

(d)     If a party challenges a designation of any Discovery Materials as Confidential Discovery Materials to the Court, the Discovery Materials will be treated as Confidential Discovery Materials until such time as the Court has ruled on the challenge.

10.     Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Discovery Materials that contain attorney-client communications, attorney work product or otherwise privileged information shall be without prejudice to any claim that such item is Confidential Discovery Materials and/or shall not be deemed a waiver of any privilege, and will not otherwise affect the right to seek return of the inadvertently produced document, information or thing under applicable law.  As soon as practicable and no later than ten (10) days after the producing party's written notification of the inadvertent disclosure of Discovery Materials that contain privileged information, the receiving party must return, sequester, or destroy any copies or compilations of their contents.

11.     The parties do not, by this Order, waive any objections the parties might otherwise have under the rules of discovery or evidence.  This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other

5

modifications of the terms hereof.  The parties do not waive any right to apply to the Court to

seek a modification of this Order.  Specifically, this Order shall not limit any party's right to seek

judicial review or to seek further and additional protection against or limitation upon production

or dissemination of information and documents or their contents.

15.     12.    Nothing in this Order shall preclude any party from seeking from the Court an

Order that binds third parties to abide by this Order.

    13.    Nothing in this Order shall prevent a source from using or disclosing its own

Confidential Discovery Materials as it deems appropriate.  Any such disclosure by a party of its

own Confidential Discovery Materials shall not impair the confidentiality obligations imposed

upon all other parties and persons subject to this Order, except that any information that is

publicly disclosed may subsequently be used by any party or signatory to this Order for any

lawful purpose.

    14.    Upon the request of the Party which produced Confidential Discovery Material, to

occur within thirty (30) days of the conclusion of this litigation and any appeals thereto, any

party in receipt of another party's Confidential Discovery Materials shall return or destroy all

copies of such Confidential Discovery Materials.

    15.    This Order will survive the termination of the litigation and will continue to be

binding upon all persons subject to this Order to whom Confidential Discovery Materials are

produced or disclosed.

    16.    The Court shall retain jurisdiction, both before and after the entry of final

judgment in this action, whether by settlement or adjudication, to construe, enforce, and amend

the provisions of this Order.

Respectfully submitted,

/s/ Wayne A. Ely

Wayne A. Ely
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
Phone: 215-801-7979
wayne3236@gmail.com

*Attorney for Plaintiff*

Dated:  January 23, 2023

/s/ Michael L. Banks

MORGAN, LEWIS & BOCKIUS LLP
Michael L. Banks (PA ID 35052)
Benjamin K. Jacobs (PA ID 315984) 1701
Market Street
Philadelphia, PA 19103
Phone: 215-963-5000
Fax: 215-963-5001
michael.banks@morganlewis.com
benjamin.jacobs@morganlewis.com

*Attorneys for Defendants*

Dated:  January 23, 2023

APPROVED and SO ORDERED this _____ day of _____, 2023.

BY THE COURT:

_____
Honorable Eduardo C. Robreno

7

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES<br><br>              Plaintiff,<br><br>    v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.<br><br>and<br><br>ROBERT J. MONGELUZZI,<br><br>              Defendants. | Civil Action No. 2:22-cv-02277 |

## EXHIBIT "A" TO ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION

I hereby certify that I have read the Stipulation of Confidentiality and Protective Order (the "Order") entered by the Court in the above-captioned litigation.  I hereby agree to be bound by the terms of the Order and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the Order.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

_____

Name: