**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESIREE PURVENAS-HAYES | : | |
| | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | No. 2:22-cv-02277-ER |
| | : | |
| v. | : | |
| | : | |
| SALTZ, MONGELUZZI & BENDESKY, P.C. | : | |
| and ROBERT J. MONGELUZZI, ESQUIRE | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF HER MOTION FOR SANCTIONS**
**DUE TO DEFENDANT SALTZ, MONGELUZZI &**
**BENDESKY'S FAILURE TO PROPERLY PREPARE**
**THEIR FED. R. CIV. P. 30(b)(6) DESIGNEE**

Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I.      Introduction

Plaintiff's Motion for Sanctions is currently before the Court for disposition. For the reasons set forth herein, the Motion should be granted.

### II.      Statement of Pertinent Facts

The Rule 30(b)(6) deposition of Defendant Saltz, Mongeluzzi & Bendesky was first noticed on March 2, 2023.  Plaintiff sought a corporate designee of to testify to the following topics, all of which were carefully drafted to identify records in Defendants' possession that were relevant to Plaintiff's overtime claims:

1.   Identify any computer system of Responding Defendant Plaintiff utilized to conduct work remotely between March 16, 2020 and July 29, 2021.

2.   Identify the type and location of any electronic, digital, or paper records generated or maintained by Responding Defendant showing the time(s) Plaintiff was logged on to any computer system of Responding Defendant on each calendar day, calendar week, and calendar month between March 16, 2020 and July 29, 2021 (including but not limited to records generated by any system identified in response to Topic No. 1).

1

3.  Identify the type and location any electronic, digital or paper records generated or maintained by Responding Defendant showing the number of hours worked by Plaintiff on each calendar day, calendar week, and calendar month between March 16, 2020 and July 29, 2021.

4.  State whether Responding Defendant maintained any electronic computer system tracking the work hours of Plaintiff on each calendar day, calendar week, or calendar month between March 16, 2020 and July 29, 2021.

5.  For each calendar day between March 16, 2020 and July 29, 2021, state the number of hours Defendant's electronic, digital or paper records show Plaintiff was logged in to any computer system utilized by Responding Defendant.

6.  Identity each electronic, digital or paper record on which any calculation responsive to Topic No. 5 was made and the current custodian of any such records.

7.  For each calendar day between March 16, 2020 and July 29, 2021, state the number of hours Plaintiff worked for Responding Defendant.

8.  Identity each electronic, digital or paper record on which any calculation responsive to Topic No. 7 was made and the current custodian of any such records.

9.  For each calendar day between March 16, 2020 and July 29, 2021, state the number of work hours for which Plaintiff was paid by Responding Defendant.

10. Identity each electronic, digital or paper record on which any calculation responsive to Topic No. 9 was made and the current custodian of any such records.

11. The existence, date, and location of any electronic communications (including electronic mails, text messages, or internal messages) sent or received on any electronic computer system or cellular device owned by Responding Defendant referencing any complaint by Plaintiff regarding unpaid overtime between March 16, 2020 and July 29, 2021.

12. The existence, date, and location of any electronic communications (including electronic mails, text messages, or internal messages) sent or received on any electronic computer system or cellular device owned by Responding Defendant referencing any response to a complaint by Plaintiff regarding unpaid overtime between March 16, 2020 and July 29, 2021.

13. The existence, date, and location of any electronic communications (including electronic mails, text messages, or internal messages) sent or received on any electronic computer system or cellular device owned by Responding Defendant referencing any discussion of overtime compensation owed to or claimed by Plaintiff between March 16, 2020 and July 29, 2021.

14. The existence, date, and location of any electronic communications (including electronic mails, text messages, or internal messages) sent or received on any

electronic computer system or cellular device owned by Responding Defendant referencing any discussion of overtime compensation owed to or claimed by any employee of Responding Defendant between March 16, 2020 and July 29, 2021.

15.    The existence, date, and location of any electronic communications (including electronic mails, text messages, or internal messages) sent or received on any electronic computer system or cellular device owned by Responding Defendant between March 16, 2020 and July 29, 2021 in which the word "overtime" is used by any employee of Responding Defendant.

16.    The current custodian of any electronic communications responsive to Topic 11, Topic 12, Topic 13, Topic 14, or Topic 15.

*See* attached Exhibit "1".

On March 17, 2023, Defendants served a response to the aforesaid Notice, agreeing to produce a designee to testify to topics 1, 2, 3, 4, 7, 8, 11, 12, and 13. *See* attached Exhibit "2".

The deposition of Defendants' designee (firm attorney Adam Pantano) was conducted on April 14, 2023, *see* Exhibit "3" (the witness' certification was not received until May 25, 2023, *see* Exhibit "4").[1]

The designee selected by Defendants "looked one or two documents" to prepare.  Ex 4, 8: 11-14.  He had also reviewed the 30(b)(6) notice, Ex. 4, 8:15-18.

The designee testified that Defendants installed "Activtrack" software in 2020.  Ex. 4, 10:2-4.  This software logs the remote work performed on Defendants' computer system by its employees, including log-ins and "productivity." Ex. 4, 10:11-18.   Asked if the system logged keystrokes, the designee said he did not know, Ex 4, 10:19-24, and he did nothing to find out.  Ex 4, 11:1.

The designee did no research to determine whether the system in question maintained records of Plaintiff's work.  Tellingly, when asked if did any research to determine if any data still existed

---

[1] This motion would had been filed upon receipt of the certification, but Plaintiff's counsel, who is a sole practitioner, sustained severe hand and wrist injuries in an animal attack on May 18, 2023,  including but not limited to fractures, severed tendons, and nerve damage, for which he underwent surgery on June 2, 2023 and from which he is still recovering.

relating to Plaintiff, he responded *"[t]his doesn't ask me to do research."* Ex 4, 13:21-22 (emphasis added).  Asked if the vendor that provided the system maintained records,  he responded it was "just our understanding that it does not." Ex 4, 3:7-8. After receiving the deposition notice, he never even spoke to anyone at Activtrack to prepare. Ex 4, 18:1-5.  He relied on a conversation that occurred before the deposition was even noticed.  Ex 4, 18:7-8 and 17.  That conversation was *one and one-half years* before the deposition.  Ex 4, 18:14-17.  He also testified as follows:

> Q.    To prepare for today, how many
>       people did you speak with at ActivTrak?
> A.    None.

Ex 4, 33:2-4.

The witness also failed to check Activtrak activity logs to determine if any data remained related to Plaintiff:

> Q:    True or false, the activity log
>       can be filtered to show specific users?
>
> A.    Correct.
>
> Q.    And true or false, she is still
>       listed on the activity log as we sit here
>       today?
>
> A.    *I don't know the answer to that.*

Ex 4, 28:18-24 (emphasis added).

> A.    We don't have any records from
>       ActivTrak.
>
> Q.    But you never looked, did you?
>
> A.    We were told it doesn't exist.
>
> Q.    Did you look or not? It's a yes
>       or no.

4

A.    *In preparation for today's*
      *deposition, we have not looked at ActivTrak.*

Ex 4, 40:2-9 (emphasis added).

### III.    <u>Argument</u>

Plaintiff's Motion for Sanctions should be granted.   Defendant Saltz, Mongeluzzi &
Bendesky's Rule 30(b)(6) deposition designee was so woefully unprepared that his testimony
amounted to a deliberate failure to appear.

Fed. R. Civ. P. 30(b)(6) provides, in pertinent part, as follows:

> **(6) *Notice or Subpoena Directed to an Organization***. In its notice or subpoena, a
> party may name as the deponent a public or private corporation, a partnership, an
> association, a governmental agency, or other entity and must describe with reasonable
> particularity the matters for examination. The named organization must then designate
> one or more officers, directors, or managing agents, or designate other persons who
> consent to testify on its behalf; and it may set out the matters on which each person
> designated will testify. A subpoena must advise a nonparty organization of its duty to
> make this designation. The persons designated must testify about information known
> or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

A 30(b)(6) designee "is not simply testifying about matters within his or her personal
knowledge, but rather is 'speaking for the corporation' about matters to which the corporation has
reasonable access." *Rainey v. American Forest & Paper Ass'n,* 26 F. Supp. 2d 82, 94 (D.D.C. 1998)
(*citing United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996)). Rule 30(b)(6) obligates the
corporation "to prepare its designee to be able to give binding answers" on its behalf. *Ierardi v.
Lorillard, Inc.,* 1991 U.S. Dist. LEXIS 11320, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991). In
terms of witness preparation, the corporation is required to perform a "reasonable inquiry for
information." *Beloit Liquidating Trust v. Century Indem. Co.,* 2003 U.S. Dist. LEXIS 2082, 2003
WL 355743, at *2 (N.D. Ill. Feb. 13, 2003).

A corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the

corporation must "prepare its designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it. *In re Linerboard Antitrust Litig.,* 237 F.R.D. 373, 382, 2006 U.S. Dist. LEXIS 62919, *24-25 (E.D. Pa. 2006); *See also Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan.1999) ("[c]orporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y.1997) ("'Producing an unprepared witness is tantamount to a failure to appear.'")(*quoting United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C.1996).

When served with a Fed. R. Civ. P. 30(b)(6) deposition notice, a corporation must "prepare its designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it. *In re Linerboard Antitrust Litigation,* 237 F.R.D. 373, 382 (E.D. Pa. 2006). Sanctions are appropriate when a corporate designee is unable or unwilling to provide factual information on a corporate entity's behalf. *Black Horse Lane Assoc., L.P. v. Dow Chem Corp.,* 228 F. 3d 275, 304 (3d Cir. 2000).

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. National Collegiate Athletic Association,* 475 F.3d 524, 538 (3d Cir. 2007) (*citing National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)); *see also Shin Da Enter. v. Yong,* 2022 U.S. Dist. LEXIS 212249, *15, 2022 WL 17178299 (E.D. Pa. November 22, 2022).

As one Judge in this district recently noted:

If a 30(b)(6) witness is unable to give useful information, "he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." *Black Horse Lane Assoc., L.P. v. Dow Chem Corp.,* 228 F. 3d 275, 304 (3d Cir.

2000). Indeed, "producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *Id.* When an adequately informed corporate designee is not produced, the Court has "broad discretion in framing a remedy." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,* 250 F.R.D. 203, 223 (E.D. Pa. 2008). Where a 30(b)(6) deponent fails to appear, the Court may issue a number of sanctions in its discretion but "must" require the delinquent party to pay reasonable expenses, including attorneys' fees, caused by the failure unless the failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

*Shin Da Enter. v. Yong,* 2022 U.S. Dist. LEXIS 212249, *16, 2022 WL 17178299 (E.D. Pa. November 22, 2022).

Here, as in *Black Horse Lane Assoc., L.P. v. Dow Chem Corp., supra,* the deponent " . . . failed to offer meaningful testimony about most, if not all, of the items specified in the notice of deposition." *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3d Cir. 2000).

### a. Preclusion as a sanction

Fed. R. Civ,. P. Rule 37(d) allows the Court to order sanctions if a 30(b)(6) deponent fails to appear, which the designated deponent here did through his failure to prepare.  Among the permissible sanctions are any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi). *See* Fed. R. Civ. P. 37(d)(3). These include the sanction prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). In *Shin Da Enter. v. Yong, supra,* the plaintiff sought (and the Court granted) this sanction.  The Court noted, "Plaintiff seeks to prohibit the . . . Defendants from taking positions at trial or introducing any testimony or other evidence contrary to the positions taken by the corporate designee during the . . . depositions, including any claim of refreshed recollection or assertion that [the witness] did not understand the questions at the deposition." *Shin Da Enter. v. Yong,* 2022 U.S. Dist. LEXIS 212249, *25-26,  2022 WL 17178299 (E.D. Pa. November 22, 2022);  *see also Kimberly-Clark Worldwide v. First Quality Baby Prods.,* 2013 U.S. Dist. LEXIS 205623, *13 (M.D. Pa. 2013) (party precluded from offering testimony at trial which contradicted prior designee deposition testimony).  That sanction is appropriate in this case as well.  Defendant Saltz, Mongeluzzi & Bendesky should be

precluded from offering any evidence or defenses at trial that contradict the answers of its 30(b)(6) designee at trial.

       **b.**    <u>**Re-deposing witness as a sanction**</u>

Alternatively, Defendant Saltz, Mongeluzzi & Bendesky should be ordered to produce a *properly prepared* designee.  A court may, as an alternative sanction, permit a witness to be re-deposed. *Wolfson-Verrichia Group, Inc. v. Metro Commercial Real Estate, Inc.,* No. 08-cv-4997, 2012 U.S. Dist. LEXIS 203807, 2012 WL 13015117, ¶ 30 (E.D. Pa. Jan. 9, 2012); *see also Kentucky Ins. Guar. Ass'n v. S&A Constructors,* 2022 U.S. Dist. LEXIS 170755, *16, 2022 WL 4368483.

       **c.**    <u>**Attorneys' fees and costs as a sanction**</u>

Where a 30(b)(6) deponent fails to appear, the Court "must" require the delinquent party to pay reasonable expenses, including attorneys' fees, caused by the failure unless the failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3); *see also Shin Da Enter. v. Yong,* 2022 U.S. Dist. LEXIS 212249, *16, 2022 WL 17178299 (E.D. Pa. November 22, 2022).  Here, the Court should order Defendants to pay the costs and fees associated with: (1)  the first deposition; (2) the instant motion, and (3) if a second deposition is ordered, the costs and fees related to that proceeding as well.

    **IV.**    <u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's motion for sanctions should be granted.

                            Respectfully submitted,

                            S/ Wayne A. Ely
                            Wayne A. Ely, Esquire
                            Counsel for Plaintiff
                            59 Andrea Drive
                            Richboro, PA 18954
                            (215) 801-7979

June 14, 2023