**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DESIREE PURVENAS-HAYES | CIVIL ACTION |
| v. | No. 2:22-cv-02277-JDW |
| SALTZ MONGELUZZI *et al.* | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff hereby discloses the following pretrial information pursuant to the Court's January 13, 2025 Scheduling Order (ECF 59), Fed. R. Civ. P 26(a)(3), and Eastern District of Pennsylvania Local Rule of Civil Procedure 16.1:

1. **Factual summary of the case:**

Plaintiff, Desiree Purvenas-Hayes (hereinafter "Plaintiff") has initiated the instant action to recover damages for unpaid overtime compensation owed to her by her former employer, Saltz Mongeluzzi &amp; Bendesky, P,C. pursuant to the Fair Labor Standards Act (FLSA) and other applicable federal and state law.

Plaintiff was employed as a litigation paralegal for Defendants from January of 2012 through July 29, 2021. At the inception of Plaintiff's employment, Defendants confirmed via her offer letter of January 11, 2012 that she would be an "hourly" employee working 35 hours per week. She worked a full-time schedule within the three (3) years preceding the filing of the instant action and was paid $3,315.31 bi-monthly, or $79,567.44 annually (Defendants' employees are paid on the 15th and the last day of each month, and Defendants issue their employees separate checks for regular and overtime pay). At all times relevant hereto, Plaintiff was directly supervised by Adam Pantano, Esquire ("Pantano"), a partner of the Defendant Law Firm. From the inception of her employment through March 16, 2020, Plaintiff was treated as a

1

non-exempt employee by Defendants and was compensated for the overtime hours she worked without issue.

On March 16, 2020, Plaintiff began working at home with the approval of Defendants due to the unprecedented Coronavirus pandemic. Defendants provided Plaintiff with a laptop computer for home work purposes. After the aforesaid date, Plaintiff continued to work a full time schedule as well as substantial overtime hours, was contacted at all hours by Pantano and other agents of Defendants via email, telephone and text messages regarding work-related projects and issues, and was expected to answer. Over the period of time she worked at home, Plaintiff worked a substantial amount of overtime but was only paid for her overtime occasionally.

Plaintiff was paid no overtime for her work at home in 2020. In 2021, Plaintiff received only $5,885.52 in overtime pay (far less than was required for the substantial hours she worked).

Plaintiff inquired repeatedly about payment for the overtime hours she worked but (other than occasional overtime payments in 2021 as aforesaid) payment was not made by Defendants. Pantano advised Plaintiff that he was "trying to work on something" and to be "patient" about her unpaid overtime, but the situation was never resolved. Plaintiff nonetheless continued to work tirelessly and with dedication to Defendants during the Coronavirus pandemic. Plaintiff frequently worked 20 hour days (from 6 a.m. to 2 a.m. the next morning) and only shut down her work computer at 2. a.m. because Defendants' computer network rebooted at that time.

Plaintiff resigned from Defendants' employ on July 29, 2021 and has not received compensation for all the overtime work she performed.

During discovery in the instant matter, Defendants' Fed. R. Civ. P. 30 (b) (6) designee was deposed as to the nature and location of time records maintained by Defendants and

gave inadequate answers, admitted he was unprepared to answer certain questions, was improperly prepared, and was instructed not to answer certain questions. Plaintiff will submit the testimony of the aforesaid designee at trial and will seek an adverse inference instruction as a result of the designee's inadequate testimony.

2. **Plaintiff's claims:**

Plaintiff asserts claims for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania's Minimum Wage Act, 43 P.S.§ 336.1, *et seq.* ("PMWA"), as well as relief for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.* ("WPCL"). The Court may maintain jurisdiction over this matter under 28 U.S.C. §1331 (authorizing District Courts to hear civil actions arising under the Constitution and laws of the United States). The Court has jurisdiction over Plaintiff's state law claims pursuant to Pennsylvania's Minimum Wage Act, 43 P.S. § 336.1, et seq. ("PMWA") and for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 P.S § 260.1 et seq. ("WPCL") pursuant to 28 U.S.C. §1367(a) because those claims are closely related to the claims within the Court's original jurisdiction.

3. **Relief sought:**

- Two (2) years of overtime compensation at $100,000.00 per year, plus interest: $200,000.00;

- Liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*: $200,000,00;

- 25% of unpaid overtime pursuant to 43 P.S. § 260.10; *see also Goodwin v. Visiting Nurse Ass'n Home Health Servs.,* 831 F. Supp. 449 (E.D. Pa. 1993), aff'd, 39 F.3d 1173 (3d Cir. 1994):

3

$50,000.00

- Plaintiff will also file a motion for attorneys' fees and costs following judgment. Legal work is ongoing. Counsel's hourly rate based on the CLS fee schedule regularly cited and approved by the Third Circuit is $735-$850 per hour (based on 30 years of experience litigating employment matters). The Third Circuit has instructed that the CLS fee schedule is "a fair reflection of the prevailing market rates in Philadelphia." District Court judges regularly use the CLS fee schedule as a benchmark in awarding fees. *See, e.g., Bistrian v. Levi,* Civil Action 08-3010, 5 (E.D. Pa. Dec. 3, 2024); *see also Maldonado v. Houstoun,* 256 F.3d 181, 187 (3d Cir. 2001).

4. **Identity of each fact witness to be called at trial and concise statement of the nature and substance of the expected testimony:**

   - Plaintiff Desiree Purvenas-Hayes

   To testify regarding all elements of her claim for overtime compensation, the nature and extent of her work for Defendants, the nature of the work she performed, the extent of the uncompensated work she performed, her requests for overtime and her other communications with Defendants, and her damages.

   - Adam Pantano, Esquire

   To be called as on cross-examination. To testify regarding Defendants' failure to pay overtime compensation to Plaintiff, his communications with Plaintiff, Defendants' computer systems, and his admissions on behalf of Defendants at his Fed. R. Civ. P, 30 (b) (6) deposition.

   - Robert Mongeluzzi, Esquire

   To be called as on cross-examination. To testify regarding Defendants' failure to pay overtime compensation to Plaintiff, Defendants' compensation and overtime policies, and his communications with Plaintiff.

   - Corporate Designee of Defendants

   To be called as on cross-examination. To authenticate certain records relating to Plaintiff's compensation and communications and to testify regarding Defendants'

computer systems and recordkeeping.

5. **List of trial exhibits to be used or introduced into evidence:**

   Note:  The parties also exchanged their respective exhibit lists on February 26, 2025 pursuant to the Court's January 13, 2025 Scheduling Order, ECF 59).

1. Plaintiff's Second Amended Complaint (ECF 25)

2. Defendant's Answer to Second Amended Complaint (ECF 27)

3. January 11, 2012 offer letter

4. July 20, 2021 resignation letter

5. August 2, 2021 preservation letter

6. Defendants' Fed. R. Civ. P. 30(b)(6) deposition transcript

7. Plaintiffs' Fed. R. Civ. P. 30(b)(6) Notice

8. Defendants' Response to Plaintiff's Motion for 30(b)(6) Sanctions and attached Exhibits (ECF 50)

9. Plaintiff's 2020 pay stubs

10. Plaintiff's 2021 pay stubs

11. Summary Exhibit of Exhibits 9 and 10.

12. Plaintiff's handwritten notes re work, time and vacation

13. Messages previously produced as "Add'l Production 2.17.23" (individually lettered)

14. Summary Exhibit of Exhibit 13.

15. Messages previously produced as "SMB Texts" (individually numbered as "T-1" through "T-143":

    T-1 SMB TEXTS\SMB TEXTS\11162020.PNG"

    T-2 SMB TEXTS\11252020!.PNG

    T-3 SMB TEXTS\SMB TEXTS\12072020.PNG

T-4 SMB TEXTS\SMB TEXTS\12102020.PNG

T-5 SMB TEXTS\SMB TEXTS\12172020.PNG

T-6 SMB TEXTS\SMB TEXTS\12212020.PNG

T-7 SMB TEXTS\SMB TEXTS\09082020.PNG

T-8 SMB TEXTS\SMB TEXTS\09102020.PNG

T-9 SMB TEXTS\SMB TEXTS\09112020.PNG

T-10 SMB TEXTS\SMB TEXTS\09142020.PNG

T-11 SMB TEXTS\SMB TEXTS\09152020.PNG

T-12 SMB TEXTS\SMB TEXTS\09162020.PNG

T-13 SMB TEXTS\SMB TEXTS\09172020.PNG

T-14 SMB TEXTS\SMB TEXTS\09212020.PNG

T-15 SMB TEXTS\SMB TEXTS\09222020.PNG

T-16 SMB TEXTS\SMB TEXTS\09272020.PNG

T-17 SMB TEXTS\SMB TEXTS\10132020.PNG

T-18 SMB TEXTS\SMB TEXTS\10142020.PNG

T-19 SMB TEXTS\SMB TEXTS\10192020.PNG

T-20 SMB TEXTS\SMB TEXTS\10202020.PNG

T-21 SMB TEXTS\SMB TEXTS\10272020.PNG

T-22 SMB TEXTS\SMB TEXTS\11032020.PNG

T-23 SMB TEXTS\SMB TEXTS\11092020.PNG

T-24 SMB TEXTS\SMB TEXTS\11102020.PNG

T-25 SMB TEXTS\SMB TEXTS\11112020.PNG

T-26 SMB TEXTS\SMB TEXTS\11122020.PNG

T-27 SMB TEXTS\SMB TEXTS\11152020.PNG

T-28 SMB TEXTS\SMB TEXTS\11172020.PNG

T-29 SMB TEXTS\SMB TEXTS\06092020.PNG

T-30 SMB TEXTS\SMB TEXTS\06102020.PNG

T-31 SMB TEXTS\SMB TEXTS\06242020.PNG

T-32 SMB TEXTS\SMB TEXTS\06292020.PNG

T-33 SMB TEXTS\SMB TEXTS\07072020.PNG

T-34 SMB TEXTS\SMB TEXTS\07092020.PNG

T-35 SMB TEXTS\SMB TEXTS\07102020.PNG

T-36 SMB TEXTS\SMB TEXTS\07132020.PNG

T-37 SMB TEXTS\SMB TEXTS\07162020.PNG

T-38 SMB TEXTS\SMB TEXTS\08032020.PNG

T-39 SMB TEXTS\SMB TEXTS\08042020.PNG

T-40 SMB TEXTS\SMB TEXTS\08072020.PNG

T-41 SMB TEXTS\SMB TEXTS\08112020.PNG

T-42 SMB TEXTS\SMB TEXTS\08172020.PNG

T-43 SMB TEXTS\SMB TEXTS\08182020.PNG

T-44 SMB TEXTS\SMB TEXTS\08202020.PNG

T-45 SMB TEXTS\SMB TEXTS\08212020.PNG

T-46 SMB TEXTS\SMB TEXTS\08262020.PNG

T-47 SMB TEXTS\SMB TEXTS\08272020.PNG

T-48 SMB TEXTS\SMB TEXTS\09012020.PNG

T-49 SMB TEXTS\SMB TEXTS\09022020.PNG

T-50 SMB TEXTS\SMB TEXTS\09032020.PNG

T-51 SMB TEXTS\SMB TEXTS\02122021.PNG

T-52 SMB TEXTS\SMB TEXTS\03172020.PNG

T-53 SMB TEXTS\SMB TEXTS\03182020.PNG

T-54 SMB TEXTS\SMB TEXTS\03192020.PNG

T-55 SMB TEXTS\SMB TEXTS\03192021.PNG

T-56 SMB TEXTS\SMB TEXTS\03282020.PNG

T-57 SMB TEXTS\SMB TEXTS\03292021.PNG

T-58 SMB TEXTS\SMB TEXTS\03312020.PNG

T-59 SMB TEXTS\SMB TEXTS\04022020.PNG

T-60 SMB TEXTS\SMB TEXTS\04062021.PNG

T-61 SMB TEXTS\SMB TEXTS\04072020.PNG

T-62 SMB TEXTS\SMB TEXTS\04082021.PNG

T-63 SMB TEXTS\SMB TEXTS\04092021.PNG

T-64 SMB TEXTS\SMB TEXTS\04122021.PNG

T-65 SMB TEXTS\SMB TEXTS\04132021.PNG

T-66 SMB TEXTS\SMB TEXTS\04162021.PNG

T-67 SMB TEXTS\SMB TEXTS\04192021.PNG

T-68 SMB TEXTS\SMB TEXTS\04272020.PNG

T-69 SMB TEXTS\SMB TEXTS\05062020.PNG

T-70 SMB TEXTS\SMB TEXTS\05142020.PNG

T-71 SMB TEXTS\SMB TEXTS\05142021.PNG

T-72 SMB TEXTS\SMB TEXTS\05192021.PNG

T-73 SMB TEXTS\SMB TEXTS\06032020.PNG

T-74 SMB TEXTS\SMB TEXTS\06052020.PNG

T-75 SMB TEXTS\SMB TEXTS\06072020.PNG

T-76 SMB TEXTS\SMB TEXTS\01052021.PNG

T-77 SMB TEXTS\SMB TEXTS\01082021.PNG

T-78 SMB TEXTS\SMB TEXTS\02042021.PNG

T-79 SMB TEXTS\SMB TEXTS\03182020.2 - Copy.PNG

T-80 SMB TEXTS\SMB TEXTS\03182020.2.PNG

T-81 SMB TEXTS\SMB TEXTS\03312020.2.PNG

T-82 SMB TEXTS\SMB TEXTS\04022020.2.PNG

T-83 SMB TEXTS\SMB TEXTS\04022020.3.PNG

T-84 SMB TEXTS\SMB TEXTS\04022020.4.PNG

T-85 SMB TEXTS\SMB TEXTS\04072020.2.PNG

T-86 SMB TEXTS\SMB TEXTS\04092021.2.PNG

T-87 SMB TEXTS\SMB TEXTS\09042020!.PNG

T-88 SMB TEXTS\09042020.2!.PNG

T-89 SMB TEXTS\09042020.3!.PNG

T-90 SMB TEXTS\09042020.4!.PNG

T-91 SMB TEXTS\09082020.PNG

T-92 SMB TEXTS\09102020.2.PNG

T-93 DPH Exhibits\SMB TEXTS\09102020.3.PNG

T-94 DPH Exhibits\SMB TEXTS\09102020.PNG

T-95 SMB TEXTS\09112020.2.PNG

T-96 SMB TEXTS\09112020.3! & 09132020 Sunday.PNG

T-97 SMB TEXTS\09112020.PNG

T-98 SMB TEXTS\09142020.PNG

T-98 SMB TEXTS\09152020.2.PNG

9

T-99 SMB TEXTS\09152020.PNG

T-100 SMB TEXTS\09162020.2.PNG

T-101 SMB TEXTS\09162020.PNG

T-102 SMB TEXTS\09172020.2.PNG

T-103 SMB TEXTS\09172020.3.PNG

T-104 SMB TEXTS\09172020.PNG

T-105 SMB TEXTS\09212020.PNG

T-106 SMB TEXTS\09222020.PNG

T-107 SMB TEXTS\09272020.PNG

T-108 SMB TEXTS\10132020.PNG

T-109 SMB TEXTS\10142020.PNG

T-110 SMB TEXTS\10192020.2.PNG

T-111 SMB TEXTS\10192020.3.PNG

T-112 SMB TEXTS\10192020.PNG

T-113 SMB TEXTS\10202020.PNG

T-114 SMB TEXTS\10272020.PNG

T-115 SMB TEXTS\11032020.PNG

T-116 SMB TEXTS\11092020.PNG

T-117 SMB TEXTS\11102020.PNG

T-118 SMB TEXTS\11112020.PNG

T-119 SMB TEXTS\11122020.PNG

T-120 SMB TEXTS\11152020.PNG

T-121 SMB TEXTS\11162020.PNG

T-122 SMB TEXTS\11172020.PNG

      T-123 SMB TEXTS\11252020!.PNG

      T-124 SMB TEXTS\11252020.2.PNG

      T-125 SMB TEXTS\11292020 Sunday.PNG

      T-126 SMB TEXTS\11292020.2.PNG

      T-127 SMB TEXTS\11292020.3.PNG

      T-128 SMB TEXTS\12052020 Saturday.PNG

      T-129 SMB TEXTS\12052020.2.PNG

      T-130 SMB TEXTS\12052020.3.PNG

      T-131 SMB TEXTS\12052020.4.PNG

      T-132 SMB TEXTS\12052020.5.PNG

      T-133 SMB TEXTS\12052020.6.PNG

      T-134 SMB TEXTS\12052020.7.PNG

      T-135 SMB TEXTS\12062020 Sunday.PNG

      T-136 SMB TEXTS\12062020.2.PNG

      T-137 SMB TEXTS\12072020.PNG

      T-138 SMB TEXTS\12102020.2.PNG

      T-139 SMB TEXTS\12102020.3.PNG

      T-140 SMB TEXTS\12102020.PNG

      T-141 SMB TEXTS\12172020.2.PNG

      T-142 SMB TEXTS\12172020.PNG

      T-143 SMB TEXTS\12212020.PNG

16. Summary Exhibit of Exhibit 15.

    Plaintiff also reserves the right to utilize any exhibits scheduled by Defendants.

6. **Depositions to be used at trial:**

   - April 14, 2023 30(b)(6) Deposition of Defendants (Designee: Adam Pantano, Esquire)

   Page:Line(s):

   6: 13-21
   9:3-7, 23-24
   10:1-5, 7-8, 9-18, 19-24
   11: 1-24
   12: 1, 2-24
   13:1-24
   14: 1-18, 23-24
   15: 1-24
   16:1
   17: 6-9, 11-24
   18: 1-24
   19:1-4
   21: 19-24
   22: 1-4, 8, 10-11,13-14,16-17,20-21, 23-24
   23: 1-7
   24: 2-10, 7-9, 11-14
   25: 12-13, 15-16,23-24
   26: 1-5, 6-9, 18-21, 23-24
   27:1-21, 23-24
   28: 1-24
   29:1-24
   30:1-14
   31: 1, 3-6, 18-24
   32:1-15
   33: 1-24
   34: 1-24
   35:1-24
   36:1-24
   37: 1-24
   38:1-24
   39:1-24
   40:1-24
   41:1-24
   42:1-24
   43:1-24
   44:1-24
   45:1-24
   46:1-10, 16, 19-25
   47: 1-14, 16-24
   48: 1-24

      49: 1-24
      50 1:24
      51: 1-20

7. **Expert witnesses to be called at trial:**

      Not applicable.

8. **Proposed time limits on each side's opening and closing statements and presentation of evidence:**

      Opening statements: one half-hour each;

      Presentation of evidence: Plaintiff: 2 days; Defendants: 2 days

      Closing arguments: 45 minutes each;

      Total trial time: 4 days.

9. **Anticipated legal issues:**

      1. Burden of proof re: overtime compensation; absence of time records

In *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 686-88, 90 L. Ed. 1515, 66 S. Ct. 1187 (1946), the United States Supreme Court addressed the effect of an employer's failure to keep adequate wage records. The Court determined that an employee should not be penalized (and an employer benefitted) by the employer's failure to comply with its statutory duty, and recognized that the employee has the burden of proving that he or she performed work for which he or she was not properly compensated. Public policy militates against setting an impossible burden for the employee. Therefore, "[o]nce an employee establishes that the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of hours worked." *Id.* The burden then shifts to the employer to come forward with evidence to negate "the inference drawn from the employee's evidence." *Id.* at 687-88. Once that burden shifts to the employer, if the employer fails to show either the precise amount of hours worked by the employee or negate the reasonableness of the inferences drawn from the employee's evidence, "the court 'may then award damages to the

employee, even though the result be only proximate." *McLaughlin v. Seto,* 850 F.2d 586, 587 (9th Cir., 1988).

Unless the employer can provide accurate estimates of hours worked, " . . . it is the duty of the trier of facts to draw whatever reasonable inferences can be drawn from the employee[']s[] evidence . . . ." *Anderson v. Mount Clements Pottery,* 328 U.S. 680, 693 (1946).

### 2. Failure to prepare 30(b)(6) designee

Defendants' Fed. R. Civ. P. 30(b)(6) designee was improperly prepared and did not adequately answer many of the questions posed to him. A 30(b)(6) designee "is not simply testifying about matters within his or her personal knowledge, but rather is 'speaking for the corporation' about matters to which the corporation has reasonable access." *Rainey v. American Forest & Paper Ass'n,* 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (*citing United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996)). Rule 30(b)(6) obligates the corporation "to prepare its designee to be able to give binding answers" on its behalf. *Ierardi v. Lorillard, Inc.,* 1991 U.S. Dist. LEXIS 11320, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991).

A corporate defendant is required to perform a "reasonable inquiry for information." *Beloit Liquidating Trust v. Century Indem. Co.,* 2003 U.S. Dist. LEXIS 2082, 2003 WL 355743, at *2 (N.D. Ill. Feb. 13, 2003). Defendants failed to do so. Sanctions are appropriate when a corporate designee is unable or unwilling to provide factual information on a corporate entity's behalf. *Black Horse Lane Assoc., L.P. v. Dow Chem Corp.,* 228 F. 3d 275, 304 (3d Cir. 2000). Plaintiff will seek an adverse inference instruction at trial and will also seek to preclude any testimony that contradicts or supplements the testimony provided at the 30(b)(6) deposition.

                                                  Respectfully submitted,

                                                  S/ Wayne A. Ely
                                                  Wayne A. Ely
                                                  Attorney for Plaintiff
                                                  59 Andrea Drive
                                                  Richboro, PA 18954
March 5, 2025                              (215) 801-7979