IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE PURVENAS-HAYES,<br><br>   Plaintiff,<br><br>   v.<br><br>SALTZ MONGELUZZI & BENDESKY P.C.<br><br>   Defendant. | Case No.: 2:22-CV-02277 |

**DEFENDANT'S PRETRIAL MEMORANDUM**

**1) Factual Summary**

Plaintiff Desiree Purvenas-Hayes ("Ms. Purvenas-Hayes") brings claims against Saltz Mongeluzzi & Bendesky P.C. ("SMB") for alleged failure to pay her for overtime worked between March 2020 and her July 29, 2021 resignation. Ms. Purvenas-Hayes alleges that SMB violated the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law. SMB denies Ms. Purvenas-Hayes' allegations.

**2) Defenses**

Ms. Purvenas-Hayes alleges that during the COVID pandemic, while SMB employees were remote, she worked "substantial" unpaid overtime, including frequent 20-hour days. She admits, however, that throughout that time, she did not report any specific hours of overtime work for which she was not paid. Even now, as this case is approaching trial, Ms. Purvenas-Hayes has not specified the actual hours of overtime she claims to have worked.

In fact, as discovery has revealed, Ms. Purvenas-Hayes may have done some work on evenings or weekends, but that is not because she was working more than 40 hours per week. On the contrary, her days were filled with personal activities that took her away from her job responsibilities, requiring catch-up work after hours. Her two young children were at home with

her during much of the pandemic, and, as she told her friends and colleagues, she was overwhelmed with childcare responsibilities. Her days were also filled with visits to the yoga studio, exercise classes, doctors' appointments, hair salon and other personal matters. In short, her working hours may have been irregular, but she was not working overtime. And even if Ms. Purvenas-Hayes did work some overtime hours from her home, which is very much in doubt, SMB cannot be liable in the absence of any actual or constructive knowledge of such activity, as discussed below in the section addressing Legal Issues.

**3) Fact Witnesses**

SMB expects to present the following witnesses at trial:

a) <u>Ms. Purvenas-Hayes</u>. Ms. Purvenas-Hayes will testify about her employment with SMB and the hours she worked during the relevant time period.

c/o Wayne Eli
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
215.801.7979

b) <u>Adam Pantano, Esq</u>. Mr. Pantano will testify about Ms. Purvenas-Hayes' employment with SMB, SMB's policies relating to overtime, the hours Ms. Purvenas-Hayes worked during the relevant time period, and SMB's knowledge of Ms. Purvenas-Hayes' working hours.

c/o Morgan Lewis
2222 Market Street
Philadelphia, PA 19103
215.963.5000

c) <u>Larry Bendesky, Esq</u>. Mr. Bendesky will testify about Ms. Purvenas-Hayes' employment with SMB, SMB's policies relating to overtime, the hours Ms. Purvenas-

    Hayes worked during the relevant time period, and SMB's knowledge of Ms. Purvenas-Hayes' working hours.

    c/o Morgan Lewis
    2222 Market Street
    Philadelphia, PA 19103
    215.963.5000

d) <u>Robert Mongeluzzi, Esq</u>.  Mr. Mongeluzzi will testify about SMB's policies relating to overtime.

    c/o Morgan Lewis
    2222 Market Street
    Philadelphia, PA 19103
    215.963.5000

e) <u>Elaine Butkus</u>.  Ms. Butkus will testify about Ms. Purvenas-Hayes' employment with SMB, SMB's policies relating to overtime, the hours Ms. Purvenas-Hayes worked during the relevant time period, and SMB's knowledge of Ms. Purvenas-Hayes' working hours.

    c/o Morgan Lewis
    2222 Market Street
    Philadelphia, PA 19103
    215.963.5000

    SMB reserves the right to call any witnesses designated by Ms. Purvenas-Hayes and any witnesses necessary to rebut Ms. Purvenas-Hayes' evidence.

**4) Expert Witnesses**

    SMB does not expect to present any expert witness testimony.

5) **Exhibits**

SMB expects to offer the following exhibits at trial:

| Exhibit Number | Bates Range[1] | Description |
|---|---|---|
| 1 | N/A | January 11, 2012 offer letter |
| 2 | Plaintiff's Dep. Ex. 1 | July 20, 2021 resignation Letter |
| 3 | N/A | Google Calendar produced by Plaintiff |
| 4 | Plaintiff's Dep. Ex. 2 | Employee Handbook |
| 5 | N/A | Phone Logs Produced by Plaintiff |
| 6 | Plaintiff's Dep. Ex. 9 | Handwritten Notes Produced by Plaintiff |
| 7 | Plaintiff's Dep. Ex. 3 | February 26, 2021 email from L. Bendesky to J. Gates et al re: Notice to Employees |
| 8 | TRIBE000001-TRIBE000011 | Tribe Hot Yoga records |
| 9 | Plaintiff's Dep. Ex. 4 | March 9, 2021 email from A. Pantano to D. Purvenas-Hayes re: Request for OT |
| 10 | Plaintiff's Dep. Ex. 5 | March 30, 2021 email from A. Pantano to D. Purvenas-Hayes re: REQUEST FOR OT |
| 11 | Plaintiff's Dep. Ex. 6 | April 6, 2021 email from A. Pantano to D. Purvenas-Hayes re: REQUEST FOR OT |
| 12 | Plaintiff's Dep. Ex. 7 | April 12, 2021 email from A. Pantano to D. Purvenas-Hayes re: REQUEST FOR OT |
| 13 | Plaintiff's Dep. Ex. 8 | June 18, 2021 email from A. Pantano to D. Purvenas-Hayes re: REQUEST FOR OT |
| 14 | PLAINTIFF-000078, 133, 134 | September 4, 2020 text messages between A. Pantano and D. Purvenas-Hayes |
| 15 | PLAINTIFF-000150 | September 11, 2020 text messages between A. Pantano and D. Purvenas-Hayes |
| 16 | Plaintiff's Dep. Ex. 12 | September 25, 2020 email from The Langmore Salon to D. Purvenas-Hayes re: Your Receipt for the Langmore Salon |
| 17 | Plaintiff's Dep. Ex. 13 | October 14, 2020 email from The Langmore Salon to D. Purvenas-Hayes re: Reminder of your appointment at the |

---

[1] For ease of reference, to the extent that document is not Bates labeled but was used as an exhibit at Plaintiff's April 11, 2023 deposition (continued on August 22, 2023), SMB also provides the exhibit number assigned to the document during Plaintiff's deposition.

| | | |
|---|---|---|
| | | Langmore Salon on October 16, 2020 at 1:00 PM |
| 18 | PLAINTIFF-020849-51 | September 17, 2020 email from D. Purvenas-Hayes to H. DeMuro re: Activity in Case 1:18-cv-01933-CCC Robison v. The Manitowoc Company, Inc. et al Scheduling Order |
| 19 | Plaintiff's Dep. Ex. 15 | August 10, 2020 email from D. Purvenas-Hayes to D. Lucas re: Atkinson |
| 20 | Plaintiff's Dep. Ex. 16 | October 5, 2020 email from D. Purvenas-Hayes to J. Suarez re: Outstanding Invoices with Ontellus |
| 21 | PLAINTIFF-000044, 103, 104 | August 20, 2020 text messages between A. Pantano and D. Purvenas-Hayes |
| 22 | Plaintiff's Dep. Ex. 18 | August 24, 2020 email from D. Purvenas-Hayes to cbentham@aol.com re: GRINNELL 2017-18 |
| 23 | PLAINTIFF-000109 | September 2, 2020 text messages between A. Pantano and D. Purvenas-Hayes |
| 24 | Plaintiff's Dep. Ex. 20 | October 7, 2020 email from D. Purvenas-Hayes to A. Pantano re: Bolduc |
| 25 | PLAINTIFF-007521-28 | September 16, 2020 email from D. Purvenas-Hayes to C. Oleary re: BETTY JANE MADDEN |
| 26 | Plaintiff's Dep. Ex. 22 | November 19, 2020 email from D. Purvenas-Hayes to D. Purvenas-Hayes re: 5P Full Virtual Schedule.pdf |
| 27 | PLAINTIFF-000129-30 | December 10, 2020 text messages between A. Pantano and D. Purvenas-Hayes |
| 28 | Plaintiff's Dep. Ex. 24 | April 2, 2020 email from C. Oleary to D. Purvenas-Hayes re: FW: PBSSM Narrative James Bolduc--attorney review |
| 29 | PLAINTIFF-004224-29 | April 9, 2020 email from D. Purvenas-Hayes to J. Howell re: Zachary Segal |
| 30 | Plaintiff's Dep. Ex. 26 | December 10, 2020 email from D. Purvenas-Hayes to Helpdesk RE: PRINTER |
| 31 | Plaintiff's Dep. Ex. 27 | April 29, 2021 email from D. Purvenas-Hayes to C. Margolis re: Kerr/Discovery |
| 32 | N/A | April 7, 2020 email from D. Purvenas-Hayes to J. Suarez re: hi ladies |
| 33 | N/A | August 11, 2020 email from The Langmore Salon to D. Purvenas-Hayes re: Your Receipt from the Langmore Salon |

| | | |
|---|---|---|
| 34 | N/A | September 4, 2020 email from The Langmore Salon to D. Purvenas-Hayes re: Your Receipt from the Langmore Salon |
| 35 | N/A | Summary Exhibit of Handwritten Notes Produced by Plaintiff, Pursuant to FRCP 1006 |

SMB reserves the right to offer additional exhibits at trial to the extent necessary to rebut evidence offered by Ms. Purvenas-Hayes or for impeachment purposes. SMB may also use demonstrative exhibits that it will not seek to have admitted into evidence,

**6) Deposition Designations**

SMB does not expect to present testimony by deposition but reserves the right to use deposition testimony for impeachment or rebuttal purposes and to offer deposition testimony affirmatively at trial if a witness becomes unavailable to testify in person at the time of the trial.

**7) Damages and Other Relief Sought**

The only evidence Ms. Purvenas-Hayes produced regarding the overtime hours for which she is allegedly owed compensation are her handwritten notes. Notwithstanding the evidence that Ms. Purvenas-Hayes is not entitled to any overtime compensation because she was often attending to personal matters during the time she claimed to be working, she worked no more than 57.85 hours of overtime between March 2020 and July 2021 based on her handwritten notes, which would yield damages of $928.21 under the fluctuating work week method specified by the FLSA or damages of $3,319.45 if she were entitled to time-and-half compensation for all overtime hours worked.

SMB has not claimed any damages in this action.

**8) Legal Issues**

Counsel for Ms. Purvenas-Hayes and SMB have agreed that neither party will introduce evidence regarding: (1) Ms. Purvenas-Hayes' position on the COVID vaccine or her opposition

to the firm's vaccination requirement; (2) the reason for Ms. Purvenas-Hayes' resignation from employment with SMB; (3) the claims filed by Ms. Purvenas-Hayes against SMB in a related case, *Desiree Purvenas-Hayes v. Saltz Mongeluzzi & Bendesky P.C.*, No. 2:22-cv-02403 (E.D. Pa.); or (4) the June 13, 2022 Legal Intelligencer article titled "Former Paralegal Sues Saltz Mongeluzzi Over Unpaid Overtime Claims" or the statements in that article that were attributed to SMB partner Robert Mongeluzzi.  The parties have agreed further that: (1) notwithstanding the foregoing, either party may introduce evidence that Ms. Purvenas-Hayes resigned voluntarily and (2) that Ms. Purvenas-Hayes' July 20, 2021 resignation letter may be introduced into evidence at trial.  These agreements were confirmed in email exchanges between counsel, but if the Court would prefer a formal stipulation, we will prepare such an agreement for the Court's approval.

Ms. Purvenas-Hayes' overtime claim fails as a matter of law to the extent that she is unable to present any evidence that she reported working overtime but was not paid for it.  *See Stanislaw v. Erie Indem. Co.*, No. 07-cv-1078, 2012 WL 517332, at *4 (W.D. Pa. Feb. 15, 2012) ("Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer . . . the employer's failure to pay for the overtime hours is not a violation of the FLSA."); *Clarke v. Flik Int'l Corp.*, No. 17-cv-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018) ("the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions").  SMB anticipates that the Court will be required to rule on this legal issue, including in connection with jury instructions and deciding a potential motion for judgment as a matter of law before the case is submitted to the jury.

9) **Proposed Time Limits**

SMB requests that the Court set the following time limit on each side's trial presentations:

a) Opening statements: 15 minutes per side;

b) Closing statements: 30 minutes per side; and

c) Presentation of evidence: 8 hours per side. However, depending how Ms. Purvenas-Hayes presents her case, SMB may need additional time for cross-examination to address the evidence presented by Ms. Purvenas-Hayes. If so, SMB may seek leave of court for an enlargement of time needed to complete cross-examination and the presentation of affirmative evidence in its case in chief.

Respectfully submitted,

Dated: March 5, 2025

*/s/ Michael L. Banks*
Michael L. Banks
Emily C. Byrne
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
Email: michael.banks@morganlewis.com
emily.byrne@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, a copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to the attorneys of record.

*/s/ Michael L. Banks*
Michael L. Banks
