**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESIREE PURVENAS-HAYES | : | CIVIL ACTION |
| *Plaintiff,* | : | No. 2:22-cv-02277-JDW |
| v. | : | |
| SALTZ MONGELUZZI BENDESKY, P.C., et al. | : | |
| *Defendants.* | : | |

# JOINT PROPOSED POINTS FOR CHARGE

**Contents:**


| Section | | Page |
|---|---|---|
| A. | Preliminary Instructions | 2 |
| B. | General Instructions for Use During Trial | 21 |
| C. | Substantive Instructions | 31 |

## A. PRELIMINARY INSTRUCTIONS

### 1. Role of Jury

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

(Taken verbatim from Third Circuit Model Jury Instruction 1.1)

2. **Description of Case and Summary of Applicable Law**

In this case, Desiree Purvanas-Hayes is the Plaintiff and Saltz Mongeluzzi Bendesky, P.C. ("Saltz Mongeluzzi") is the Defendant. Ms. Purvenas-Hayes formerly worked as a paralegal for Saltz Mongeluzzi. She claims she was not paid for overtime work she performed in 2020 and 2021 when she was permitted to work at home during the COVID-19 pandemic. The FLSA, as you will hear it referred to, is the federal law that requires payment of overtime compensation to certain employees for all hours that she worked in excess of forty (40) in one week, under certain conditions. In order for Ms. Purvenas-Hayes to establish her claim for unpaid overtime in violation of the FLSA, she must prove the following:

1. She was an employee of Saltz Mongeluzzi during the relevant time period;

2. She worked hours in excess of forty in one or more work weeks during that period;

3. Saltz Mongeluzzi knew *[or should have known]* that work in excess of forty hours was being performed by Ms. Purvenas-Hayes in one or more work weeks **[and knew how many hours of overtime Ms. Purvenas-Hayes actually worked during the week or weeks in question]**;

4. Saltz Mongeluzzi failed to pay Ms. Purvenas-Hayes overtime pay for all the hours she worked in excess of forty in *[each of such]* one or more work weeks.

Saltz Mongeluzzi denies that it *[owes overtime pay to Ms. Purvenas-Hayes or that she worked any unpaid overtime hours]* **[was aware of overtime worked by Ms. Purvenas-Hayes for which she was not paid, and it denies that Ms. Purvenas-Hayes is owed additional overtime compensation]**.

(Adapted from Third Circuit Model Jury Instruction 1.2)

**Support for Defendants' proposal: *Stanislaw v. Erie Indem. Co.,* No. 07–1078, 2012 WL 517332, at *4 (W.D. Pa. Feb. 15, 2012) ("Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA."); *Clarke v. Flik Int'l Corp.,* No. 17-cv-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018) ("the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions").**

*Support for Plaintiff's proposal: To recover for uncompensated overtime work, a plaintiff must demonstrate that the employer had either actual or constructive knowledge of the plaintiff's overtime work. Alers v. City of Phila., 919 F. Supp.2d 528, 558 (E.D. Pa. 2013) (internal citation omitted). An employer "may not stand idly by and permit an employee to work overtime without proper compensation, even in cases where the employee does not submit a claim for overtime compensation." Souryavong v. Lackawanna Cnty., 2015 U.S. Dist. LEXIS 68087, *14-15, 2015 WL 3409472 (M.D. Pa. May 27, 2015)(citing Forrester v. Foodliner, 646 F.2d 413, 414 (9th Cir. 1981)(duty arises under FLSA even where employer has not requested overtime be performed or does not desire the employee to work, or where the employee fails to report overtime hours). So long as the employer knows or has reason to know that the employee continues working, those hours must be counted. See Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007).*

### 3. <u>Conduct of Jury</u>

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Androids and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, LinkedIn, Twitter, Instagram, Snapchat, Reddit, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because

special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]

(Taken verbatim from Third Circuit Model Jury Instruction 1.3 with adjustments in brackets to reference social media and online platforms)

## 4. Bench Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

(Taken verbatim from Third Circuit Model Jury Instruction 1.4)

**5. Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and
4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever

weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

(Taken verbatim from Third Circuit Model Jury Instruction 1.5)

**6. Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

(Taken verbatim from Third Circuit Model Jury Instruction 1.6, Option 2)

**7. Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

(Taken verbatim from Third Circuit Model Jury Instruction 1.7)

**8. <u>Questions of Witnesses</u>**

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

(Taken verbatim from Third Circuit Model Jury Instruction 1.8, option 1)

**9. Notetaking by Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-

taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

(Taken verbatim from Third Circuit Model Jury Instruction 1.9, option 1)

**10. Preponderance of the Evidence**

This is a civil case. Ms. Purvenas-Hayes is the party who brought this lawsuit. Saltz Mongeluzzi is the party against which the lawsuit was filed. Ms. Purvenas-Hayes has the burden of proving her case by what is called the preponderance of the evidence. That means she has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Purvenas-Hayes and the evidence favorable to Saltz Mongeluzzi on opposite sides of the scales, Ms. Purvenas-Hayes would have to make the scales tip somewhat on her side. If she fails to meet this burden, the verdict must be for Saltz Mongeluzzi. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[On certain issues, called affirmative defenses, Saltz Mongeluzzi has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering

all evidence in the case, that Saltz Mongeluzzi has succeeded in proving that the required facts are more likely so than not so.]

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

(Taken verbatim from Third Circuit Model Jury Instruction 1.10, removing inapplicable references to counterclaims and including bracketed affirmative defense language)

**11. Trial Procedure**

The trial will proceed in the following manner:

First, the attorney for Ms. Purvenas-Hayes will make an opening statement to you. Next, the attorney for Saltz Mongeluzzi may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.

Ms. Purvenas-Hayes goes first because she has the burden of proof. She will present witnesses whom counsel for Saltz Mongeluzzi may cross-examine, and may also present other evidence. Following her case, Saltz Mongeluzzi may present evidence. Counsel for Ms. Purvenas-Hayes may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are

completed, I will then instruct you on the law.] After that you will retire to the jury room to deliberate on your verdict in this case.

(Taken verbatim from Third Circuit Model Jury Instruction 1.12, including both options for the timing of jury instructions to be used as the Court prefers)

## B. GENERAL INSTRUCTIONS FOR USE DURING TRIAL

### 12. Stipulations of Fact

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

(Adapted from Third Circuit Model Jury Instruction 2.4)

**13. Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Saltz Mongeluzzi corporate designee, Adam Pantano, which was taken on April 14, 2023, is about to be [has been] presented to you by reading portions of the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

(Adapted from Third Circuit Model Jury Instruction 2.5)

**14. Interrogatories**

You will now hear [have heard] answers that [name of party] gave in response to written questions submitted by the other side. The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider answers to interrogatories in the same manner as if the answers were made from the witness stand.

(Adapted from Third Circuit Model Jury Instruction 2.6, leaving generic references to the timing of the instruction and the party whose answers are being read in place to facilitate use by the Court as to either party)

**15. <u>Charts and Summaries</u>**

Saltz Mongeluzzi has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

(Adapted from Third Circuit Model Jury Instruction 2.7)

## 16. **Recesses**

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet. Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

(Taken verbatim from Third Circuit Model Jury Instruction 2.14 and deleting the last line relating to repeating of the instruction)

**17. Deliberations**

When you retire to the jury room to deliberate, you may take with you [these instructions], your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself,

but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties

have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers

until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

(Taken verbatim from Third Circuit Model Jury Instruction 3.1)

**18. Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

(Taken verbatim from Third Circuit Model Jury Instruction 3.2)

## C. SUBSTANTIVE INSTRUCTIONS

### 19. FLSA General Instruction and Exemption Defense

Ms. Purvenas-Hayes has brought a claim under the Fair Labor Standards Act, also known as the "FLSA". The "FLSA" is a federal law that requires payment of overtime compensation to certain employees for all hours in excess of forty (40) in one week. The purpose of the "FLSA" is to eliminate the existence of poor labor conditions which are detrimental to the minimum standard of living necessary for health, efficiency, and general well-being of workers.

An employer must pay an employee overtime compensation for hours worked in excess of forty (40) in any workweek. Overtime compensation must be paid at a rate of at least one and one-half times the employee's regular rate of pay for each hour worked over forty hours in that workweek.

In this case, Ms. Purvenas-Hayes claims that Saltz Mongeluzzi Bendesky, P.C. did not pay her the overtime pay that was required by the "FLSA".

(Based upon 29 U.S.C. §§ 202(a), 206, and 207)

**20. <u>Elements of Claim</u>**

In order for Ms. Purvenas-Hayes to establish her claim for unpaid overtime in violation of the FLSA, she must prove each of the following by a preponderance of the evidence:

1. She was an employee of Saltz Mongeluzzi during the relevant time period;

2. She worked hours in excess of forty in one or more work weeks during that period;

3. Saltz Mongeluzzi knew *[or should have known]* that work in excess of forty hours was being performed by Ms. Purvenas-Hayes in one or more work weeks **[and knew how many hours of overtime Ms. Purvenas-Hayes actually worked during the week or weeks in question]**;

4. Saltz Mongeluzzi failed to pay Ms. Purvenas-Hayes overtime pay for all the hours she worked in excess of forty in one or more work weeks.

If you find that the Ms. Purvenas-Hayes has failed to prove any of these elements by a preponderance of the evidence, then you must return a verdict in favor of Saltz Mongeluzzi.

**Support for Defendants' proposal: *Stanislaw v. Erie Indem. Co.*, No. 07–1078, 2012 WL 517332, at *4 (W.D. Pa. Feb. 15, 2012) ("Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of**

**the FLSA."); *Clarke v. Flik Int'l Corp.*, No. 17-cv-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018) ("the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions").**

*Support for Plaintiff's proposal: To recover for uncompensated overtime work, a plaintiff must demonstrate that the employer had either actual or constructive knowledge of the plaintiff's overtime work. Alers v. City of Phila., 919 F.Supp.2d 528, 558 (E.D. Pa. 2013) (internal citation omitted). An employer "may not stand idly by and permit an employee to work overtime without proper compensation, even in cases where the employee does not submit a claim for overtime compensation." Souryavong v. Lackawanna Cnty., 2015 U.S. Dist. LEXIS 68087, *14-15, 2015 WL 3409472 (M.D. Pa. May 27, 2015)(citing Forrester v. Foodliner, 646 F.2d 413, 414 (9th Cir. 1981)(duty arises under FLSA even where employer has not requested overtime be performed or does not desire the employee to work, or where the employee fails to report overtime hours). So long as the employer knows or has reason to know that the employee continues working, those hours must be counted. See Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007).*

**21. <u>“Work week” Definition</u>**

“Work week” means a regularly recurring period of seven (7) days or 168 hours, as designated by the employer.

(Based on 29 C.F.R. § 776.4)

**22. “Hours Worked” Definition**

“Hours worked” means all time spent by an employee that was primarily for the benefit of the employer or the employer’s business. Such time only constitutes “hours worked” if the employer knew *[or should have known]* that the work was being performed. It does not include follow-up activities after the employee ceased principal work-related activity for which he is employed.

> (*Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 32–33 (2014); 29 U.S.C. §254; *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 598 (1946); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *see also IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005) (citing *Anderson* and *Wantock* with approval); 29 U.S.C. §§ 203(g), 254; 29 C.F.R. pts. 553 & 785.)

> **Support for Defendants’ proposal: *Stanislaw v. Erie Indem. Co.*, No. 07–1078, 2012 WL 517332, at *4 (W.D. Pa. Feb. 15, 2012) (“Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer’s failure to pay for the overtime hours is not a violation of the FLSA.”); *Clarke v. Flik Int’l Corp.*, No. 17-cv-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018) (“the employee bears some responsibility for the proper implementation of the FLSA’s overtime provisions”).**

> *Support for Plaintiff’s proposal: To recover for uncompensated overtime work, a plaintiff must demonstrate that the employer had either actual or constructive knowledge of the plaintiff's overtime work. Alers v. City of Phila., 919 F.Supp.2d 528, 558 (E.D. Pa. 2013) (internal citation omitted). An employer “may not stand idly by and permit an employee to work overtime without proper compensation, even in cases where the employee does not submit a claim for overtime compensation.” Souryavong v. Lackawanna Cnty., 2015 U.S. Dist. LEXIS 68087, *14-15, 2015 WL 3409472 (M.D. Pa. May 27, 2015)(citing Forrester v. Foodliner, 646 F.2d 413, 414 (9th Cir. 1981)(duty arises under FLSA even where employer has not requested overtime be performed or does not desire the employee to work, or where the employee fails to report overtime hours). So long as the employer knows or*

*has reason to know that the employee continues working, those hours must be counted. See Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007).*

***[23. <u>Employer Acceptance of Work</u>***

*It is the duty of the management to exercise its control and see that work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.]*

*Support for Plaintiff's proposal:* 29 C.F.R. § 785.13, *see also Barvinchak v. Ind. Reg'l Med. Ctr.*, 2007 U.S. Dist. LEXIS 72805, *37, 2007 WL 2903911 (W.D. Pa. 2007).

**Defendant's position is that this instruction should not be given to the jury because it is unnecessary, irrelevant, and a potential source of needless confusion. There is no allegation or evidence that Defendants failed to "exercise [their] control" over the work Ms. Purvenas-Hayes performed during the time in question.**

**24. <u>FLSA Requires Compensation for Home Work</u>**

An employer is required to pay its employees for all hours worked, including *[work not requested but suffered or permitted, and including]* work performed at home, but only if the employer knows of the hours of overtime actually worked.

(29 C.F.R. § 785.11-12.)

*Support for Plaintiff's position: Under the FLSA, to employ means "to suffer or permit to work." Sahara Logan v. Victory Entm't, Inc., 2021 U.S. Dist. LEXIS 44731, *8, 2021 WL 912814 (D.N.J. March 10, 2021). The applicable Department of Labor regulations state that "[w]ork not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. See Clarke v. Flik Int'l Corp., No. 17-cv-1915, 2018 U.S. Dist. LEXIS 139052, 2018 WL 3930091, at *2 (D.N.J. Aug. 16, 2018) (citing 29 C.F.R. § 785.11 in an FLSA case); Goins v. Newark Hous. Auth., 2019 U.S. Dist. LEXIS 54493, *24, 2019 WL 1417850 (D.N.J. March 29, 2019).*

**25. <u>Pennsylvania Minimum Wage Act (No Separate Instruction)</u>**

Ms. Purvenas-Hayes has also brought a claim for unpaid overtime under the Pennsylvania Minimum Wage Act (PAMWA). It is respectfully submitted no separate instructions are required for the jury to determine liability on that claim, to prevent a double recovery for the same claim.

The PMWA states that "[e]mployees shall be paid for overtime not less than one and one-half times the employee's regular rate . . . for hours in excess of forty hours in a workweek." 43 Pa. Stat. § 333.104(c); *see also Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 612-13 (E.D. Pa. 2015); *Razak v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 139668, *22 (2016). The PMWA "substantially parallels" the FLSA, *see* 43 Pa. Stat. Ann. § 333.104(c), and the federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA. *See, e.g., Ford-Greene*, 106 F. Supp. 3d at 610-13; *Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S.*, 15-cv-5621, 2016 U.S. Dist. LEXIS 35829, 2016 WL 1086709, at *5-6 (E.D. Pa. Mar. 21, 2016).

**26. <u>Damages</u>**

If you find *[in favor of Ms. Purvenas-Hayes]* **[that Ms. Purvenas-Hayes has satisfied her burden of proving that she worked hours of overtime between March 16, 2020 and July 29, 2021 for which she was not paid, and if you find that Saltz Mongeluzzi had knowledge of the actual unpaid overtime hours Ms. Purvenas-Hayes worked during this period]**, you must award her damages in the amount **[of overtime compensation]** that she should have been paid, less what Saltz Mongeluzzi actually paid her in overtime.

**[Ms. Purvenas-Hayes is required to submit evidence from which the amount of any damages award may be reasonably inferred. Vague and unsubstantiated estimates of amount of time worked are insufficient to satisfy this burden of proof.]**

The overtime compensation amount that should have been paid is the number of hours worked in excess of forty (40) hours in each workweek, times Ms. Purvenas-Hayes' regular rate for that workweek, times one and one-half. You must calculate this amount separately for each workweek.

> **Support for Defendants' proposal: 29 U.S.C. §§ 206, 207, and 216; *Stanislaw v. Erie Indem. Co.*, No. 07–1078, 2012 WL 517332, at *4 (W.D. Pa. Feb. 15, 2012) ("Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA."); *Clarke v. Flik Int'l Corp.*, No. 17-cv-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018) ("the**

**employee bears some responsibility for the proper implementation of the FLSA's overtime provisions"); *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188, 190 n.4 (3d Cir. 2014) (noting that employees have the burden of proving entitlement to overtime damages and that evidence consisting of "mere speculation" is "insufficient to support the requisite inference necessary to meet their burden"); *Clews v. Cnty. of Schuylkill*, No. 3:17-cv-02233, 2024 WL 758529, at *8 (M.D. Pa. Feb. 23, 2024) (plaintiff had "not met his burden of proving entitlement to overtime damages" where his deposition testimony consisted of "mere speculation"); *Sniscak v. Borough of Raritan*, 86 F. App'x 486, 487 (3d Cir. 2003) ("Plaintiffs' blanket allegation that certain amounts were still owed to them," which "was never connected to a single payroll record, timesheet, or other documentary evidence" was insufficient); *Montano v. Allen Harim Foods, LLC*, No. CV 15-392, 2017 WL 3328360, at *12 (D. Del. Aug. 4, 2017) ("[V]ague and unsubstantiated estimates of the amount of time worked … [are] insufficient to satisfy this burden of proof.") (*report and recommendation adopted sub nom. Montano v. Allen Harim Foods, LCC*, No. CV 15-392, 2017 WL 4162177 (D. Del. Sept. 20, 2017)).**

*Support for Plaintiff's proposal: The Federal Courts have indicated that a plaintiff "may permissibly rely on estimates based on [their] own recollection in supplying the factual predicates for this calculation." Delgado v. Auto Gallery LLC, No. 20CV18593KSHCLW, 2021 U.S. Dist. LEXIS 236739, 2021 WL 5864064, at *4 (D.N.J. Dec. 10, 2021); see also Qingwei Ma v. Chef Jon's Authentic Chinese Cuisine, 2020 U.S. Dist. LEXIS 191959, 2020 WL 6111037, at *4 (D.N.J. Oct. 16, 2020). Zuniga v. AM Framing LLC, 2022 U.S. Dist. LEXIS 12573, *10, 2022 WL 203234 (January 24, 2022).*

**27. <u>FLSA "Regular Rate of Pay"</u>**

Ms. Purvenas-Hayes' "regular rate" of pay is approximately $38 per hour. **[Her regular rate of pay is determined by dividing her annual salary of $79,567 by 52 weeks, and dividing that number by 40 hours per week.]**

**Support for Defendants' proposal: 29 U.S.C. §207(e); 29 C.F.R. §§ 778.107, 778.109.**

*Support for Plaintiff's proposal: Providing Plaintiff's annual salary to the jury is unnecessary since annual salary has no bearing on overtime calculation and may prejudice the jury. It is therefore unnecessary, irrelevant, and a potential source of needless confusion. The agreed portion of the above instruction provides her hourly rate of pay, and no more is required,*

**28. <u>FLSA Liquidated Damages</u>**

Liquidated damages are presumed for [a] FLSA overtime violation, and "[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act.'"

**[Under the law, if you find that Saltz Mongeluzzi demonstrates that it acted in good faith and had reasonable grounds for believing that it was not violating the law it may not be required to pay liquidated damages, even if Saltz Mongeluzzi did not properly pay overtime.]**

**Support for Defendants' proposal: 29 U.S. Code § 260.**

*Support for Plaintiff's position: Defendant's proposed language is unnecessary. Delgado v. Auto Gallery LLC, 2021 U.S. Dist. LEXIS 236739, *11-12, 2021 WL 5864064 (D.N.J. Sept. 10, 2021). "Liquidated damages are presumed for an FLSA overtime violation," and "'[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act.'" Saiyed v. Archon, Inc., 2021 U.S. Dist. LEXIS 151882, 2021 WL 3561219, at *4 (quoting Sec'y United States DOL v. Am. Future Sys., 873 F.3d 420, 433 (3d Cir. 2017)).*

Dated: April 2, 2025

/s/ Wayne Ely
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
Email: wayne3236@gmail.com

*Counsel for Plaintiff*

/s/ Michael L. Banks
MORGAN LEWIS BOCKIUS LLP
Michael L. Banks
Emily C. Byrne
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
Email:
michael.banks@morganlewis.com
emily.byrne@morganlewis.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, a copy of the foregoing was served via ECF upon the following:

Wayne Ely
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
wayne3236@gmail.com
*Attorney for Plaintiff Desiree Purvenas-Hayes*

*/s/ Michael L. Banks*
Michael L. Banks